ELIZA KATHERYN PYNE, APPELLEE, v. GLADYS PAYNE ET AL., APPELLANTS.

40 N. W. 2d 682

Filed January 19, 1950. No. 32707.

*Paine & Paine,* for appellants.

*Herbert F. Mayer* and *Arthur C. Mayer,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action which was instituted in the district court for Hall County, Nebraska, by Eliza Katheryn Pyne, plaintiff, against Gladys Payne, John H. Payne, Grand Island Trust Company, a corporation, and certain other parties, defendants, the purpose of which was to have construed a provision of the will of John R. Thompson, deceased. The naming herein of the other parties is not essential to a determination of the matters involved.

Eliza Katheryn Pyne is the daughter of the said John R. Thompson, deceased. Gladys Payne is the daughter of Eliza Katheryn Pyne, and John H. Payne is the husband of Gladys Payne. The Grand Island Trust Company, a corporation, is the successor trustee to the trustees named in the will. Gladys Payne is one of the named successors to the estate so placed in trust on the death of Eliza Katheryn Pyne.

The provision of the will which plaintiff sought to have interpreted placed in trust certain real estate and provided for the payment of income therefrom, in excess of what became necessary to be expended for taxes and repairs, to plaintiff during her natural life. Payments were to be made to her as her necessities should require. On her death it was required that the trustee should convey the trust property to plaintiff's children. There was provision made for conveyance in case no children of plaintiff survived her which is of no impor-

tance here. The provision conditionally empowered the trustee to dispose of the real estate and expend the res of the trust as follows: "* * *; and in the event of sickness or other casualty occurring to either Eliza Katherine Carr or her children requiring for her or their proper care a greater expenditure than shall be derived from the rents and profits of said property, then, and in that event my said exeuctors (executors) shall be the sole judges; I authorize them or the survivor of them to sell first, the undivided one-half of Lot Three above descrived (described) to raise money to be expended by them for the purpose of relieving the necessities of the said Eliza Katherine Carr or any of her said children, to be paid under the same restrictions as hereinbefore provided." Eliza Katherine Carr, named in the will, is the same person as the plaintiff herein.

It is of this quoted portion of the provision that the plaintiff has sought construction. By petition filed in the district court she contended for an interpretation which would empower the successor trustee to pay to her such amount of the res as might be necessary for her care and support without any other restriction or limitation.

None of the parties appeared in defense of the action except the successor trustee, Gladys Payne, and John H. Payne. The successor trustee by answer sought no particular interpretation and instruction, but took a neutral position. Gladys Payne and John H. Payne by answer asserted in substance that the words "sickness or other casualty" contained in the quoted portion of the will constituted a limitation beyond a mere necessity for general support and that judgment of the successor trustee conferred by the will must yield to a proper interpretation of this term, and unless "sickness" or "other casualty" occurred the successor trustee was not empowered to expend any of the res of the trust for the care of the plaintiff.

Following a pre-trial conference and a stipulation of

facts entered into between the plaintiff and the defendants Gladys Payne and John H. Payne, a trial was had and the court decreed as follows:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT that the phrase 'in the event of sickness or other casualty occuring (occurring) to either Eliza Katherine Carr or her children', contained in Paragraph Sixth (6th) of the Last Will and Testament of John R. Thompson, deceased, shall be construed to include the authorization to said trustee to encroach upon the principal of said trust for the purposes of providing support to plaintiff or any of her children, said trustee to be the sole judge of the necessity and amount thereof."

The successor trustee apparently chose to accept the interpretation made by the decree since it did not appeal. The defendants Gladys Payne and John H. Payne have appealed. They will be referred to hereinafter as appellants.

The appeal comes here on a case stated rather than on a conventional bill of exceptions. The case stated however presents no controverted state of facts.

By their appeal the appellants present solely and alone the question of the meaning to be attached to the phrase "in the event of sickness or other casualty" in its relation to the rest of the provision and to the entire will. They contend that the word "casualty" means accident or other similar unforeseen misfortune and that the "necessities" within the meaning of the quoted provision of the will must depend upon the occurrence of accident or unforeseen misfortune.

It reasonably appears that the district court did not place any definite interpretation upon the word "casualty." The effect of the decree is to say that "casualty" in the sense employed is sufficient to include ordinary necessity for support if in the judgment of the successor trustee such necessity exists. The further effect of the decree is to say that the successor trustee is the sole

judge of whether or not necessity exists and that its judgment in this respect is not a matter which is a subject for judicial examination.

It is true that in the construction of a will the generally accepted literal, natural, and grammatical meaning will be attached to the words used. Brandeis v. Brandeis, 150 Neb. 222, 34 N. W. 2d 159. We know, however, of no rule of law the effect of which is to bar a judicial examination of a discretionary power granted under a will or the discretion exercised or to be exercised thereunder.

We think that the district court was in error in concluding that ordinary necessity under the terms of the provision of the will did or could amount to "casualty." As pointed out the will contemplated that ordinary necessity should be taken care of out of income and not the res of the trust. It was clearly extraordinary necessity or necessity flowing from "casualty" which authorized the disposition of the res of the trust. From the language employed it is clear that in the mind of the testator the casualty was to be regarded as the causative agent and that only attendant necessity permitted action. In other words casualty was contemplated as a cause and necessity an effect.

This must be true unless it can be said under the terms of the will that the testator intended a departure from the generally accepted meaning of the term "casualty."

"Casualty" has been variously defined. In Webster's New International Dictionary, 2d edition, Unabridged, 1943, it is defined as "Chance; accident; contingency; also, that which comes without design or without being foreseen; an accident."

In Anthony & Co. v. Karbach, 64 Neb. 509, 90 N. W. 243, 97 Am. S. R. 662, the term was defined as follows: "The word 'casualty' means accident; that which comes by chance, or without design, or without being a forseen (foreseen) contingency."

There are many other definitions containing a somewhat different phrasing, none containing a precise bound,

but all arriving at a single general conclusion that "casualty" does not embrace that which may be anticipated, foreseen, or expected in the ordinary course of events. Instead it embraces only those things which are a departure from what may be regarded as foreseen or foreseeable contingencies.

Nothing has been found in the will to indicate that the testator intended to use the word in any sense other than the ordinary one. In truth the context appears to indicate that he intended to use it in its ordinary sense.

If he had intended that the trustee could use the res of the trust for ordinary necessities in the light of economic changes, there could have been no reasonable purpose in causing use to depend upon "sickness or other casualty."

It is indicated by the will that sickness was intended to be considered a casualty. What else was intended by the testator to be so regarded does not appear and while the doctrine of ejusdem generis, that is, that where particular words are followed by general, the general words are restricted in meaning to objects of the like kind, does not aid in determining his positive intention, it does aid in arriving at a conclusion that ordinary necessity was not intended. In re Estate of Grainger, 151 Neb. 555, 38 N. W. 2d 435.

We conclude therefore that the district court erred in decreeing that the phrase "in the event of sickness or other casualty occurring to either Eliza Katherine Carr or her children" contained in the will in question authorized the successor trustee to encroach upon the principal of the trust for the purpose of providing without restriction or limitation for support of plaintiff or her children.

The decree of the district court is reversed.

REVERSED.