EMILY S. APPLEGATE, APPELLEE, v. MARY E. BROWN ET
AL., APPELLANTS.

95 N. W. 2d 341

Filed March 13, 1959.  No. 34545.

*Baskins & Baskins,* for appellants.

*Evans & Kelley,* for appellee.

Heard before SIMMONS, C. J., CARTER, YEAGER, CHAP-PELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

In Brown v. Applegate, 166 Neb. 432, 89 N. W. 2d 233, we had for consideration an appeal from a judgment of the district court affirming an order of the county court admitting the will of Lincoln Clarence Applegate to probate. We affirmed the order of the district court.

In the course of that decision we held: "The right to dispose of property by will at death is favored by the law; it is a valuable right which will be sustained when-

ever possible. It is the policy of the law to uphold devises and bequests and, if possible, to enforce them consistently with rules of law. A will should not be invalidated except for compelling reasons. Provisions of a will repugnant to law or against public policy are void, and provisions which are impossible of fulfillment are inoperative. But the valid portions of a will are to be carried out in accordance with the intentions of the testator as gleaned from the four corners of the will, even though it results in a partial intestacy of the deceased's estate. * * * An examination of the provisions of the will, which we have heretofore quoted, presents questions of construction and interpretation, and questions as to validity of particular provisions, bequests, and devises, particularly as they bear upon the trust purported to have been created by the will. It is contended that the purported trust is void because the beneficiaries thereof are of an undeterminable class because of the inclusion of the term 'relatives.' It is urged that the provisions violate the rule against perpetuities. It is also urged that the trust is invalid because of a failure of the testator to dispose of the remainder of the trust property after the termination of the uses and purposes of the trust. These are matters for determination after the will has been admitted to probate, even if it appears that it may be subsequently adjudicated that the purported will fails to validly dispose of any property of the estate of the deceased. They are matters which the county court could not properly consider in determining whether or not the will should be admitted to probate. Neither the district court, nor this court, has any greater authority on appeal than the court of original jurisdiction in dealing with the admissibility of the will for probate. The will is not one from which it can be determined upon its face, without applying rules of construction, that it fails to make a valid disposition of the property of the deceased, or a part thereof. The will was, therefore, properly admitted

to probate." Brown v. Applegate, *supra.*

This action is brought by the mother of the testator to have the will construed. She alleged that the trust was wholly void for the reason that it was too indefinite to be susceptible of enforcement and was violative of the rule against perpetuities. She sought a judgment determining that she is the sole heir at law of the deceased, and that all property of the estate be awarded to her.

She named as defendants the immediate relatives of the deceased "being his brothers and sisters, and nieces and nephews, and grand nieces and grand nephews," and all others who claimed an interest in the property. Mary E. Brown, a sister (named as a trustee in the will), and her five children, and Jeanette E. Quillin, a sister of the testator, and her three children, answered. The children of Mary E. Brown and Jeanette E. Quillin, answering, are nieces and nephews of the testator.

They admitted the probate of the will; that proceedings in the estate were pending; that by the terms of the will title to all of the estate was devised and bequeathed to Mary E. Brown and Ellen Ruth Applegate, as trustees, to be sold and applied to the purposes set forth in the will; that testator died unmarried, leaving no children; that plaintiff is the heir at law of testator if he had not died testate; and that testator's father died in 1944. They then denied generally and prayed that plaintiff's petition be dismissed.

It was stipulated that testator died leaving four sisters and three brothers, all of full age; that a sister and brother were unmarried; that a brother who was unmarried at the date of the death of testator has since married; that one brother and two sisters were married; and that one sister was widowed prior to the death of testator. It was further stipulated that testator had fourteen nieces and nephews, children of three sisters and one brother. It was further stipulated that testator had nine grandnieces and grandnephews, three of whom

were born subsequent to the death of deceased. Testator died September 7, 1956. The stipulation was signed June 2, 1958.

The trial court adjudged that all of the defendants, except those recited above as answering, were in default.

The trial court found that the trust which the will attempted to create was void and that the trust failed for the reason that it was generally indefinite in its terms and failed sufficiently to identify the beneficiaries thereof. It decreed that the title to the real estate vested in the plaintiff and ordered all money and personal property remaining for distribution paid and assigned to plaintiff. The above-named defendants appeal.

We reverse the judgment of the trial court and remand the cause with directions as provided hereafter in this opinion.

The provisions of the will here involved are:

"II. All of my property and estate, real, personal or mixed, and wheresoever situated, I hereby give, devise and bequeath to my sisters Mary E. Brown and Ellen Ruth Applegate in trust for the uses and purposes hereinafter specifically set forth.

"III. I hereby give to my executrixes (sic) hereinafter named full power and authority to sell, make deeds of conveyance, to all of my real estate and bills of sale to all personal property held or owned by me, and I direct my said executrixes (sic) to sell all real and personal property and estate of which I may die seized as soon as practicable after my death, with, however, no specific time limitation therefor, such authorization to sell and convey to continue until they have been discharged in due course as such executrixes (sic).

"IV. Upon the sale and disposition of my property as hereinabove directed, I direct that the proceeds therefrom, together with all monies belonging to my estate, be held by my said sisters Mary E. Brown and Ellen Ruth Applegate in trust for the use, benefit, comfort and maintenance of my nieces and nephews and such

others of my relatives as may in the discretion of my said sisters warrant and require financial aid and assistance; and I hereby give full power and authority to my said sisters to invest all of the monies and proceeds of my estate and to expend the interest accumulated from such proceeds, investments and funds for the purposes and uses as herein set forth.

"V. It is my intention that upon my death my entire estate be reduced to money as promptly and profitably as possible and such funds invested by my trustees named herein, the income and interest therefrom to be used for the benefit of such of my relatives as may require financial aid and assistance. In the event of the death of either of said named trustees or their disability to act as such trustees, I desire that new appointments be made by a court of competent jurisdiction.

"VI. I hereby appoint Mary E. Brown of Sutherland, Lincoln County, Nebraska, and Ellen Ruth Applegate of Glendale, California as executrixes (sic) of this my last will and testament, and request that they be permitted to act without bond."

It is patent that the testator intended that all his estate be converted into money and that the proceeds thereof be held in trust by his named trustees, with a provision for the appointment of successor trustees. The parties here do not contend otherwise. The issues here revolve around the construction to be given to the provisions of paragraphs IV and V of the will.

The defendants contend that under the provisions of the will the nieces and nephews are to receive the income from the trust fund, share and share alike, subject to the right of the plaintiff (mother) to receive aid and assistance if needed and, secondarily, to the right of the brothers and sisters to receive aid and assistance if needed, with the corpus of the estate ultimately passing to the then heirs at law of testator. The plaintiff contends that the judgment of the trial court should be affirmed.

We construe the will somewhat differently than do either of the parties.

We are here dealing with the construction of the powers of appointment, contained in the will, given to trustees by the settlor of a trust.

We have held: "Powers will be construed in this state according to the principles of the common law. * * * In the construction of powers, the cardinal principle is that the intention of the donor is controlling and such intention is to be ascertained from a liberal interpretation and comprehensive view of all of the provisions of the instrument. * * * The court will endeavor to place itself in the position of the donor, ascertain his intention and enforce it in all its parts, if it be lawful to do so. * * * The donee of a power must keep within its terms, and where the donor prescribes the method of its execution, that method must be strictly followed, so far at least as may be necessary to give effect to the donor's intent and design. * * * Where there is no prohibition or restriction in a power, everything which is legal and within its limits should be supported. But where there is a prohibition, limitation or restriction, such provisions will control and the donee will not be permitted to disregard the same." Massey v. Guaranty Trust Co., 142 Neb. 237, 5 N. W. 2d 279.

We have also held: "* * * in order that there may be a finding of the existence of a valid trust there must be a trustee, an estate devised to him, and a beneficiary." Jones v. Shrigley, 150 Neb. 137, 33 N. W. 2d 510.

In 96 C. J. S., Wills, § 1008, p. 522, the rule is stated as follows: "To create a trust by will the testator must indicate his intention to do so, must separate the legal from the equitable estate and transfer the legal estate to the trustee, and must designate the trustee, the beneficiaries, their interest in the trust, its purpose or object, and its subject matter."

The rule is stated in 1 Scott on Trusts (2d Ed.), §

54, p. 361, as follows: "A trust cannot be created by will unless the identity of the beneficiaries and of the trust property and the purposes of the trust can be ascertained either from the will itself, or from an instrument properly incorporated by reference in the will, * * *."

The first question is this: Are the beneficiaries here named with sufficient certainty?

We think they are. The first beneficiaries named are "*my* nieces and nephews." (Emphasis supplied.) The authorities are uniform that such a designation means the children of a brother or sister, or brothers or sisters, and does not include grandnephews and grandnieces. See, 66 C. J. S., Nephew and Niece, p. 5; 57 Am. Jur., Wills, § 1390, p. 925; 72 C. J. S., Powers, § 24, p. 417; 41 Am. Jur., Powers, § 58, p. 847; Restatement, Property, § 291, p. 1534, and § 291, p. 1543.

Clearly the beneficiaries are not limited to "my nieces and nephews" for the testator followed that language with "and such others of my relatives."

We have held: "Where particular words in a will are followed by general, the general words are ordinarily restricted in meaning to provisions of like kind." Dennis v. Omaha Nat. Bank, 153 Neb. 865, 46 N. W. 2d 606, 27 A. L. R. 2d 674.

In Woelk v. Luckhardt, 134 Neb. 55, 277 N. W. 836, 115 A. L. R. 437, we had for construction the words "any child or other relation of the testator." We held that "other relation" meant relations of the blood of the testator and did not mean relatives by affinity.

We accordingly hold that the words "my nieces and nephews and such others of my relatives" includes the mother, the brothers and sisters, and nieces and nephews. They are ascertainable. In fact the parties have here stipulated as to who they are. See, Pyne v. Payne, 152 Neb. 242, 40 N. W. 2d 682; Dennis v. Omaha Nat. Bank, *supra.*

In this connection we call attention to the rule stated

in Restatement, Property, § 294, p. 1557: "When an otherwise effective conveyance contains the limitation of an immediate gift in favor of a class described as 'children,' 'grandchildren,' 'brothers,' 'sisters,' 'nephews,' 'nieces,' 'cousins,' 'issue,' 'descendants' or 'family' of a designated person, then, unless a contrary intent of the conveyor is found from additional language or circumstances, such conveyance designates as the distributees thereunder all who are 'possible takers' within the group description found in such limitation and who (a) are conceived prior to the effective date of the deed or will containing the limitation; * * *."

The effective date of the will is stated in the text to mean the date of the death of the testator. The comment in the above section shows that this is a "rule of convenience": "It is probable that the results thus obtained are those which the conveyor would have intended if the problem had been considered by him. It is clear that the results thus obtained are more desirable, from the viewpoint of public interest, than the results obtainable by allowing the class to continue to increase after the effective date of the deed or will containing the limitation. By this earlier ending of the ability of the class to increase in membership, the available members of the class are forthwith enabled to enjoy and utilize to advantage the subject matter of the gift, distribution is unhampered by the otherwise necessary complex safeguards in favor of possible but as yet unconceived takers thereunder, and the early conclusion of the administration of the estates of decedents is facilitated. * * * Thus the convenience of this rule is great, it is as likely as not that it gives effect to the actual intent of the conveyor and, if the actual intent of the conveyor is, in some few instances, frustrated, the conveyor is himself at fault, as this is completely preventable by language in the conveyance clearly manifesting his intent that this rule of convenience shall not apply."

The stipulation here shows that there are no persons, added to those above listed, who could have been conceived prior to the death of the testator.

The next question arising is this: Is there one class or two or more classes of beneficiaries provided for in the will?

Defendants would construe the will so as to make the nieces and nephews a class free from the restrictions attached to "such others of my relatives as may in the discretion of my said sisters warrant and require financial aid and assistance." There is no indication in this paragraph of the will, grammatical or otherwise, to relieve the benefits to the nieces and nephews from the discretionary power of the trustees. We think the answer is found in the provisions of paragraph V where the testator specifically declares: "It is my intention that * * * the income and interest * * * be used for the benefit of such of my relatives as may require financial aid and assistance."

As above construed the testator had provided that his relatives who were beneficiaries of the trust were his mother, brothers, sisters, nieces, and nephews. In paragraph V he refers to all of them as "my relatives" and limits the benefits to such as may require financial aid and assistance. He puts them all in one class and applies the restriction clause to all.

The plaintiff argues here that this is a postponed gift in favor of a class and hence the members of the class are to be determined as of the time the gift is to take effect.

We think the gift is immediate. The testator directed that the income and interest of his estate be used for the financial aid and assistance of such of his relatives as required it.

By quotation from the authorities in Lacy v. Murdock, 147 Neb. 242, 22 N. W. 2d 713, we held: " 'The general rule is that the time for ascertaining the members of a class depends upon the intention of the tes-

tator, rather than upon technical language used in a particular clause of a will. As a general rule the class is to be determined as of the time the gift is to take effect.' * * * 'In determining the time at which the members of a class to share in a gift are to be ascertained, where it is not fixed by the will itself and where the gift is immediate, the time is fixed at the death of the testator (citing case), and where it is postponed pending the determination of a preceding estate, it is fixed at the distribution of the estate.' "

The time of the determination of the members of the class must be made as of the death of the testator for it is of necessity then that the discretion of the trustees to provide benefits must begin. The trustees must then ascertain to whom payments may be made. There is no intervening preceding estate.

In 1 Scott on Trusts (2d Ed.), § 17.2, p. 170, it is stated: "There is a tendency to construe with increasing liberality the language of the instrument in which the power is conferred, and to hold that the donee of the power has broad discretion as to the manner in which he shall exercise it in favor of the members of the class, unless it appears that the donor intended to restrict him."

We find no intent to restrict the exercise of the power in the will here. The same author states in section 59, page 513: "A trust can be created for any purpose which is not against public policy or otherwise illegal. In order to uphold the trust, it is not necessary affirmatively to show that the purpose is one of the purposes for which a disposition of legal interests can be made; a trust can be created for any purpose unless it appears that the purpose is one which is illegal. So too any provision in the terms of the trust is valid, unless it appears that such provision is illegal."

In Restatement, Property, § 324, p. 1843, the rule is stated: "The scope of the donee's discretion as to appointees and the time and manner of appointment is

unlimited except as the donor effectively manifests an intent to impose limits. * * * A power is presently exercisable unless the donor manifests an intent that exercise of the power shall be postponed."

Generally a testator may by will confer upon another person the power to do any act with reference to the property of the testator which the testator could lawfully have done himself. Budreau v. Mingledorff, 207 Ga. 538, 63 S. E. 2d 326.

Of course the trustees are to select those within the designated beneficiaries who are to receive the income under the conditions specified, and the amounts they are to receive. This is the very purpose of this kind of a trust. As was said in In re Will of Sullivan, 144 Neb. 36, 12 N. W. 2d 148: "The settlor of the trust prescribed that this was to be a duty of the trustees * * *."

In 96 C. J. S., Wills, § 1008, p. 524, it is stated: "The trust is not rendered invalid by the fact that the trustee is vested with discretion, if it is clear that a trust was intended and its terms are sufficiently certain to permit their enforcement; * * *." In section 1012, page 545, of the same source, it is stated: "A trust giving the trustee the discretion to select the beneficiaries from a designated class and determine the amounts they shall receive has been held valid and enforceable as long as the trustee must distribute the property to the class designated."

Plaintiff states: "The failure of definite ascertainment of such beneficiaries and persons (and consequently the time the Trust expires) is the fundamental ambiguity in this Will * * *."

The beneficiaries are ascertainable and ascertained. Obviously the trust created by the will expires with the death of the last of the beneficiaries.

The benefits need not be defeated because the testator failed to dispose of the corpus of the estate.

The rule is: Generally, where there is no disposition by will of the remainder, the corpus of the trust prop-

erty on the termination of the trust goes as intestate property to the testator's heirs. 96 C. J. S., Wills, § 1056, p. 688.

In Dennis v. Omaha Nat. Bank, *supra,* we held: "At termination of the trust under a will or by operation of law, the beneficiaries ordinarily take the property as provided in the will. However, as here, where complete disposition of the estate was made by the will which by language and necessity vested the whole of the fee in the trustee, defeasible only at termination of the trust, when it was to vest in a class, none of whom then or ever will exist, and the trust is terminated by operation of law for failure of purpose or accomplishment, then the trustee holds the trust estate upon a resulting trust implied by intention for the heirs of the testator *who are such as of the date of the failure of the trust.* To hold otherwise would give the will and the law of this jurisdiction, which testator was presumed to know when he executed the will, no force or effect whatever." (Emphasis supplied.) The reason of the rule is applicable here.

In In re Estate of Mooney, 131 Neb. 52, 267 N. W. 196, we approved the following from Restatement, Trusts, §§ 411, 430, pp. 1258, 1322: " 'Where the owner of property gratuitously transfers it and properly manifests an intention that the transferee should hold the property in trust but the trust fails, the transferee holds the trust estate upon a resulting trust for the transferor or his estate, unless the transferor properly manifested an intention that no resulting trust should arise or the intended trust fails for illegality. * * * If real property is devised upon a trust which fails and there is no provision in the will effectively disposing of the residue of the testator's real property, the devisee holds it upon a resulting trust for the heir of the testator. * * * Where the owner of property gratuitously transfers it upon a trust which is properly declared but which is fully performed without exhausting the trust estate, the trustee

holds the surplus upon a resulting trust for the transferor or his estate, unless the transferor properly manifested an intention that no resulting trust of the surplus should arise. * * * Where the owner of property devises or bequeaths it upon a trust which is fully performed without exhausting the entire property so devised or bequeathed, the devisee or legatee holds the surplus upon a resulting trust for the estate of the settlor.' The great weight of authority supports the view that upon the failure of an express trust as in this case, the trustee holds the trust estate upon a resulting trust for the heirs of the testator as of the date of the failure of the trust."

The judgment of the trial court is reversed and the cause remanded with directions to render a decree in accord with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.

MESSMORE, J., participating on briefs.