ZULA E. WOODWARD ABBOTT, APPELLANT, v. THE
CONTINENTAL NATIONAL BANK OF LINCOLN,
TRUSTEE OF THE GEORGE L. WOODWARD
TRUST, ET AL., APPELLEES.
98 N. W. 2d 804

Filed October 30, 1959. No. 34601.

*Frederick J. Patz* and *Ralph H. Gillan*, for appellant.

*Mason, Knudsen, Dickeson & Berkheimer, Gerald S. Vitamvas, Ralph W. Slocum*, and *McCown, Wullschleger & Baumfalk*, for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.
The plaintiff, Zula E. Woodward Abbott, brought this

action to obtain a construction of the will of her husband, George L. Woodward, and to determine her interest in the corpus of a trust set up in the will. The named defendants are The Continental National Bank of Lincoln, trustee of the trust, Chester Walker, husband of plaintiff's deceased daughter, Benjamin L. Meisel, who claims an assignment from the deceased daughter, various collateral relatives of testator, the unknown heirs, devisees, and legatees of the testator, and all persons claiming an interest in the trust property. The trial court found that plaintiff had no interest in the corpus of the trust and plaintiff has appealed.

The evidence discloses that George L. Woodward died on September 9, 1925, leaving a will which was duly admitted to probate by the county court of Lancaster County. The deceased was survived by his widow, the plaintiff herein, and one child, Elizabeth Margaret Woodward, who married the defendant, Chester Walker. Elizabeth Margaret Woodward Walker died on June 9, 1951, intestate and without issue, and was survived by her mother and her husband. The parents of George L. Woodward predeceased him. He had two brothers and two sisters, three of whom predeceased him and one of whom died since his death. All of the brothers and sisters of George L. Woodward left a child or children surviving them. It is stipulated that the will of George L. Woodward was drafted by L. A. Ricketts, a lawyer who was admitted to the bar in 1899.

One-half of the estate of George L. Woodward was given to his wife, the plaintiff herein, by the terms of the will. The remaining one-half of his estate was placed in trust for the benefit of his wife and daughter. The issue before the court arises under Item 5(f) of the will which provides: "In the event my daughter Elizabeth Margaret Woodward shall predecease my wife without issue then living, then and in that event I order and direct my trustees to pay the income of such trust fund to my wife, Zula E. Woodward during her natural life,

and upon her death to pay the principal thereof to my legal heirs."

The question presented is the meaning to be given to the words "to my legal heirs" as used in the quoted paragraph of the will. The trial court found that the corpus of the trust vested at the time of testator's death in the brothers and sisters of the testator who were living at the time of testator's death and in the children of deceased brothers and sisters living at the time of his death by right of representation. It is the contention of the plaintiff that she, the surviving wife, and Chester Walker, the surviving husband of the deceased daughter, Elizabeth Margaret Woodward Walker, hold the remainder interest in the trust estate as the legal heirs of George L. Woodward.

It is fundamental that a trust involves the creation of two separate and distinct interests in the trust property, the legal estate, which is ordinarily held by the trustee, and the beneficial interest, which is held by the beneficiaries of the trust. In searching for the intention of the testator the court must examine the entire will, consider each of its provisions, give words their generally accepted literal and grammatical meaning, and indulge the presumption that the testator understood the meaning of the words used. It is a rule of construction generally recognized that a devise or bequest to heirs, without more, designates not only the persons who are to take but also the manner and proportions in which they will take, and if there are no words to control the presumption of the will of the testator, the law presumes his intention to be that they take by the law of intestate succession. This is so even though a presumption exists that one who makes a testamentary disposition of his property does not intend it to be divided as though he died intestate. Kramer v. Larson, 158 Neb. 404, 63 N. W. 2d 349. The foregoing rules are generally the law of this state and have been applied in numerous decisions by this court.

There are many jurisdictions that have literally applied the foregoing rules to situations similar to the one we have presently before us. This court, however, has applied the rule that it will examine the will as a whole to determine the intent of the testator and has arrived at a different conclusion than such foreign jurisdictions. The plaintiff recognizes this fact and asks the court to depart from our previous holdings on the subject.

The case of In re Estate of Combs, 117 Neb. 257, 220 N. W. 269, was a case where the will provided that the remainder of the estate "remaining after the death of my wife, shall descend to my legal heirs in equal shares in accordance with the laws of descent and distribution of the state of Nebraska." While the court construed the latter portion of the quoted part of the provision as bearing upon the intention of the testator to exclude the wife, a portion of that opinion does have application to the present case. We there said: "It must be admitted that the term 'my legal heirs' construed, in the light of the surrounding circumstances, with reference to all of the language employed in the will, must be relied upon to designate the ultimate devisees, the ultimate remainderman. It would seem that the fact that the testator desired to dispose of the title to his property to the exclusion of his wife with her consent by will (she chose not to take under the statute) indicates that he did not desire to have it come back to her after his death for distribution to her heirs. It appears absurd to conclude that the testator intended to give her only a life estate living, and after her death cast a fee simple title on her, dead. Had he wanted his widow to share in his property as a remainderman to the partial exclusion of his heirs of the blood, it would have been easy to have evidenced such intention by use of appropriate words. This he failed to do."

In the case of In re Estate of Mooney, 131 Neb. 52, 267 N. W. 196, this court in a case similar in principle to

the case at bar said: "It does not appear reasonable, therefore, that Frank L. Mooney intended that his son should under no circumstances come into possession of the property during his life, but that upon his death the title should vest in him for the purpose of distribution to his heirs at law. The language of the will does not support any such fantastic construction. * * * The great weight of authority supports the view that, upon the failure of an express trust as in this case, the trustee holds the trust estate upon a resulting trust for the heirs of the testator as of the date of the failure of the trust." This rule was followed in Dennis v. Omaha Nat. Bank, 153 Neb. 865, 46 N. W. 2d 606, 27 A. L. R. 2d 674, and Applegate v. Brown, 168 Neb. 190, 95 N. W. 2d 341. Since 1936, the date of the decision in the Mooney case, this court has consistently adhered to the rule that upon the failure of an express trust as in this case, the trustee holds the trust estate upon a resulting trust for the heirs of the testator as of the date of the failure of the trust. Since this court has declared that the corpus of an express testamentary trust, undisposed of by the will, passes to the heirs of the testator living at the termination of the trust, it must be conclusively presumed that the testator intended the trust property to pass under the applicable statute as interpreted by this court. This simply means that the words "to my legal heirs" are construed to mean the heirs who would take if no disposition of the property had been made under the will. We necessarily construe the words "to my legal heirs" used in Item 5(f) of the will as designating the testator's heirs as of the date of the failure of the trust as the intended remaindermen under the language of the applicable portion of the will.

Plaintiff vigorously contends that the rule adopted by this court is against reason and logic and the weight of authority. It must be conceded that the contentions of the plaintiff in this respect are not tenuous ones and that they should again be given the consideration of this

court. This we have done. We think the former opinions of this court extending over more than 20 years should be adhered to. The rule is generally known and has no doubt been relied upon as stating the law of this state. Even if the rule announced is not the most reasonable one, a conclusion that we do not concede, it has become the fixed law of this state which ought to be maintained except for the most cogent reasons. It would create confusion in the field of trust law in this state by destroying rights which have been built up in reliance on it. It has, as stated in Dennis v. Omaha Nat. Bank, *supra,* become a rule of property in this state. We adhere to the announced rules in our previous holdings.

The trial court found that the plaintiff had no interest in the corpus of the trust. In this the trial court was correct. The trial court further found that the testator intended the remainder of the trust property to vest in the brothers and sisters of the testator who were living at the time of his death, and in the children, living at the time of testator's death, of deceased brothers and sisters by representation. In this the trial court was in error. The judgment of the district court is affirmed in part, and in part is reversed and remanded with directions to enter a decree finding that plaintiff has no right in the remainder interest in the trust property and that such remainder interest, upon the termination of the trust, is in the heirs of the testator as of the date of the termination of the trust.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.