Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/28/2017 09:10 AM CDT

- 565 -

Nebraska Supreme Court Advance Sheets
296 Nebraska Reports
IN RE ROBERT L. McDOWELL REVOCABLE TRUST
Cite as 296 Neb. 565

In re Robert L. McDowell Revocable Trust.
Jane O. Hornung, appellee and cross-appellee, v.
Sandra K. Stockall, Trustee of the Betty
Jane McDowell Revocable Trust and
individually, appellant, and Roger R.
Stockall, Trustee of the Robert L.
McDowell Revocable Trust,
appellee and cross-appellant.

___ N.W.2d ___

Filed May 5, 2017.    No. S-16-071.

1. **Trusts.** The interpretation of the words of a trust is a question of law.
2. **Trusts: Equity: Appeal and Error.** Absent an equity question, an appellate court reviews trust administration matters for error appearing on the record; but where an equity question is presented, appellate review of that issue is de novo on the record.
3. **Decedents' Estates.** In Nebraska, powers of appointment are construed according to the principles of the common law.
4. **Decedents' Estates: Intent.** In the construction of powers of appointment, the cardinal principle is that the intention of the donor is controlling.
5. ____: ____. The donee of a power of appointment must keep within its terms, and where the donor prescribes the method of its execution, that method must be strictly followed, so far at least as may be necessary to give effect to the donor's intent and design.
6. **Decedents' Estates.** Where there is a prohibition, limitation, or restriction in a power of appointment, such provision will control and the donee will not be permitted to disregard the same.
7. ____. A power of appointment is considered special or limited when the donee's appointment is limited to a group which is not unreasonably large and which does not include the donee.

- 566 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
296 NEBRASKA REPORTS
IN RE ROBERT L. McDOWELL REVOCABLE TRUST
Cite as 296 Neb. 565

8. **Trusts: Intent.** Rules of construction for interpreting a trust are applied when the language of the trust is not clear; but if the language clearly expresses the settlor's intent, the rules do not apply.

9. **Appeal and Error.** Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process.

10. **Trusts: Words and Phrases.** A breach of trust includes every omission or commission which violates in any manner the obligation of carrying out a trust according to its terms.

11. **Trusts.** Every violation by a trustee of a duty required of it by law, whether willful and fraudulent, or done through negligence, or arising through mere oversight or forgetfulness, is a breach of trust.

12. ____. According to Neb. Rev. Stat. § 30-3890 (Reissue 2016), a violation by a trustee of a duty the trustee owes to a beneficiary is a breach of trust.

Appeal from the County Court for Custer County: TAMI K. SCHENDT, Judge. Affirmed as modified.

John M. Lingelbach, James Tews, and Minja Herian, of Koley Jessen, P.C., L.L.O., for appellant.

Brian S. Koerwitz and Kent E. Endacott, of Endacott, Peetz & Timmer, P.C., L.L.O., and Heidi Hornung-Scherr, of Scudder Law Firm, P.C., L.L.O., for appellee Jane O. Hornung.

Richard A. DeWitt and David J. Skalka, of Croker, Huck, Kasher, DeWitt, Anderson & Gonderinger, L.L.C., for appellee Roger R. Stockall.

HEAVICAN, C.J., WRIGHT, CASSEL, STACY, KELCH, and FUNKE, JJ.

STACY, J.

This is a dispute between the adult children of Robert L. McDowell and Betty Jane McDowell, both deceased. The issue presented is whether Betty validly exercised a limited power of appointment given to her by Robert's trust when she appointed the assets in Robert's trust to her own revocable trust. The

- 567 -

Nebraska Supreme Court Advance Sheets
296 Nebraska Reports
IN RE ROBERT L. McDOWELL REVOCABLE TRUST
Cite as 296 Neb. 565

county court found Betty's appointment was ineffective and ordered that the assets be recovered and distributed through Robert's trust. We affirm as modified.

## I. FACTS

Robert and Betty were the owners of McDowell Cattle Company, which consists of farmland and pasture near Arnold, Nebraska. Robert and Betty each owned 270 shares of the company.

In 2001, Robert and Betty drafted wills and revocable trusts with nearly identical language. Robert's trust provided in relevant part:

> From and after my death all principal of the trust not allocated to the said Trust shall be administered and distributed as Trust "A" as follows:
>
> . . . .
>
> (d) Upon the death of my wife in the event my wife shall survive me, the then principal of Trust "A" shall be distributed to or held in trust for the benefit of such one or more of my issue, the spouses of any such issue, and tax-exempt charitable organizations, in such shares and proportions and subject to such powers, terms and conditions, as my wife shall appoint by will and any principal of Trust "A" not appointed effectively by my wife shall continue to be administered as Trust "A" pursuant to the following provisions of this instrument.

Robert died before Betty. After his death, Betty executed a new will. In this will, she provided:

> I hereby exercise any power of appointment given to me under the . . . Robert L. McDowell Revocable Trust . . . (including Trust "A" . . .), and direct that all such property over which I have a power of appointment, together with all of my property, whether real or personal, is hereby devised to the Trustee or Trustees of the [Betty Jane McDowell Revocable Trust], to be administered by the Trustee as part of the property of said . . . Trust,

- 568 -

Nebraska Supreme Court Advance Sheets
296 Nebraska Reports
IN RE ROBERT L. McDOWELL REVOCABLE TRUST
Cite as 296 Neb. 565

and to be held or distributed according to the terms thereof . . . .

Robert and Betty had two children who survived them: Jane O. Hornung and Sandra K. Stockall. Pursuant to the terms of Betty's will, both Robert's 270 shares of McDowell Cattle Company—from his "Trust 'A'" (Trust A)—and Betty's 270 shares passed through Betty's trust to Stockall. Hornung received nothing under the terms of Betty's trust, but was a potential beneficiary under Robert's trust.

After at least some of Robert's assets from Trust A were distributed through Betty's trust, Hornung filed suit in the county court for Custer County requesting instructions and a declaration of rights of the beneficiaries of Robert's trust, pursuant to Neb. Rev. Stat. § 30-3812 (Reissue 2016). Hornung alleged that "[t]he power of appointment exercised under Betty's Will is invalid and ineffective as the Betty Jane McDowell Revocable Trust is not a person or beneficiary to which the assets of Trust A could be transferred." Hornung alleged that the assets of Trust A should instead be distributed pursuant to the terms of Robert's trust, which provided that any residue was to be distributed in equal shares to Hornung and Stockall. Hornung's petition "request[ed] that the Court instruct the Trustee of [Robert's trust] to recover, preserve, and distribute the principal of Trust A accordingly and . . . issue a preliminary order estopping the transfer of any assets of Trust A."

Stockall, in her capacity as the trustee of Betty's trust and in her individual capacity, counterclaimed in the county court action. Her counterclaim also sought instructions and a declaration of rights of the beneficiaries under Robert's trust. Stockall denied that the power of appointment exercised by Betty was invalid. Stockall's counterclaim requested that the court enter an order (1) finding that Betty's exercise of the power of appointment was valid and enforceable, (2) approving the actions taken by the trustee of Robert's trust in "distributing the remaining principal of [Trust A] to the Trustee of

- 569 -

Nebraska Supreme Court Advance Sheets
296 Nebraska Reports
IN RE ROBERT L. McDOWELL REVOCABLE TRUST
Cite as 296 Neb. 565

Betty's Trust in accordance with Betty's exercise of the power of appointment," and (3) requiring the trustee of Robert's Trust "to promptly distribute the remainder of the principal of [Trust A] in accordance with Betty's exercise of the power of appointment . . . to the Trustee of Betty's Trust . . . ." Our record reflects that notice of the action and the counterclaim was provided to the trustees of both Robert's trust and Betty's trust and to all potential beneficiaries of either trust.

A bench trial was held. Hornung, Stockall, and the trustee of Robert's trust participated. The court determined Betty's exercise of the power of appointment was ineffective because it exceeded the scope of the limited power granted in Robert's trust, in that it commingled the Trust A assets with Betty's trust assets and thus benefited Betty, her estate, and creditors of her estate so that it was not limited to one of the three classes of beneficiaries Robert designated. The court ordered the trustee of Robert's trust to recover all assets of Trust A and to distribute them in accordance with the terms of Robert's trust.

Stockall appealed, and the trustee of Robert's trust (who is also Stockall's husband) filed a cross-appeal. We granted Stockall's petition to bypass the Nebraska Court of Appeals and moved this appeal to our docket.

## II. ASSIGNMENTS OF ERROR

Stockall assigns, restated, that the county court erred in (1) finding Betty's exercise of the power of appointment granted to her by Robert's trust was ineffective; (2) finding Betty exceeded the power granted to her by Robert's trust; (3) finding merged assets (assets appointed from Robert's trust and assets that originally constituted Betty's trust) were used to pay taxes and creditors of Betty's estate; (4) finding Betty benefited herself, her estate, her creditors, and the creditors of her estate by merging the Trust A assets with her trust; (5) finding Neb. Rev. Stat. § 30-3850(a)(3) (Reissue 2016) would allow Betty's creditors to reach the assets Betty appointed from Robert's

- 570 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
296 NEBRASKA REPORTS
IN RE ROBERT L. McDOWELL REVOCABLE TRUST
Cite as 296 Neb. 565

trust to her trust; (6) finding Betty's appointment of the Trust A assets to her trust caused those assets to be taxable as part of Betty's gross estate; and (7) finding Betty did not designate a permissible appointee in her will and instead opted to appoint the Trust A property to her trust.

The trustee of Robert's trust assigns on cross-appeal, restated, that the county court (1) erred in ordering him as trustee to recover all Trust A assets and then distribute them under Robert's trust and (2) lacked subject matter jurisdiction to determine that Betty's exercise of the power of appointment was invalid or to hold that transfers from Robert's and Betty's trusts were void.

## III. STANDARD OF REVIEW

[1,2] The interpretation of the words of a trust is a question of law.[1] Absent an equity question, an appellate court reviews trust administration matters for error appearing on the record; but where an equity question is presented, appellate review of that issue is de novo on the record.[2]

## IV. ANALYSIS

### 1. Appointment Was ineffective

Stockall argues the county court erred in finding Betty's exercise of the power of appointment was ineffective. We find no error on this issue.

[3-6] In Nebraska, powers of appointment are construed according to the principles of the common law.[3] In the construction of powers of appointment, the cardinal principle is that the intention of the donor is controlling.[4] The donee of a

---

[1] *In re Family Trust Created Under Akerlund Trust*, 280 Neb. 89, 784 N.W.2d 110 (2010).

[2] *In re Margaret Mastny Revocable Trust*, 281 Neb. 188, 794 N.W.2d 700 (2011).

[3] *Applegate v. Brown*, 168 Neb. 190, 95 N.W.2d 341 (1959).

[4] *Id.*

- 571 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
296 NEBRASKA REPORTS
IN RE ROBERT L. McDOWELL REVOCABLE TRUST
Cite as 296 Neb. 565

power of appointment must keep within its terms, and where the donor prescribes the method of its execution, that method must be strictly followed, so far at least as may be necessary to give effect to the donor's intent and design.[5] Where there is a prohibition, limitation, or restriction, such provision will control and the donee will not be permitted to disregard the same.[6]

[7] Here, Robert's trust gave Betty the power to "appoint by will" the Trust A property to "be distributed to or held in trust for the benefit of such one or more of my issue, the spouses of any such issue, and tax-exempt charitable organizations." The parties agree this power of appointment was a special or limited power of appointment. A power of appointment is considered special or limited when the donee's appointment is limited to a group which is not unreasonably large and which does not include the donee.[7] Here, Robert made it clear the permissible group included only tax-exempt charitable institutions, Robert's issue, and spouses of his issue.

To determine whether Betty effectively exercised this limited power of appointment, we look to the provisions of Betty's will, which provided:

> [A]ll such property over which I have a power of appointment, together with all of my property, whether real or personal, is hereby devised to the Trustee [of Betty's revocable trust], to be administered by the Trustee as part of the property of said . . . Trust, and to be held or distributed according to the terms thereof.

Notably, the beneficiaries of Betty's trust were Stockall and several of Robert's grandchildren. Betty's trust thus ultimately distributed all her property and all the property from Robert's Trust A to Robert's issue.

---

[5] *Id.*

[6] *Id.*

[7] *In re Estate of Muchemore*, 252 Neb. 119, 560 N.W.2d 477 (1997), *disapproved on other grounds, In re Estate of Nelson*, 253 Neb. 414, 571 N.W.2d 269 (1997).

- 572 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
296 NEBRASKA REPORTS
IN RE ROBERT L. McDOWELL REVOCABLE TRUST
Cite as 296 Neb. 565

The question presented is whether Betty's limited power of appointment was effectively exercised when she devised Trust A assets to her personal trust in this manner. Stockall argues the appointment was effective because, after passing through Betty's trust, the Trust A property eventually was distributed to Robert's issue, a permissible group identified in Robert's trust. Hornung argues that the appointment was not effective, because Betty's trust is not in the permissible group under Robert's trust, so the unqualified appointment to her trust was ineffective even if the property eventually was distributed to those in the permitted group under Robert's trust.

This court has not previously considered the effectiveness of exercising a limited appointment under such circumstances. We find guidance in cases from other jurisdictions which have addressed similar circumstances.

In *BMO Harris Bank N.A. v. Towers*,[8] parents created two trusts granting their son a limited power to appoint assets of the parents' trusts to certain beneficiaries. The son's will devised all of his estate to his trust, thus commingling the assets he received from the parents' trusts with his own trust assets. The court determined this was an ineffective exercise of the power of appointment, because the son exercised the power of appointment in favor of himself and he was not a permissible beneficiary under the parents' limited power of appointment. The court reasoned that no language in the son's trust segregated the assets of his parents' trusts from the assets of his trust and consequently, the son's creditors could have used the commingled assets to satisfy the son's debts.

The case of *In re Estate of Reisman*[9] is also instructive. There, a wife's trust granted her husband a limited power of appointment and designated her children and any descendants of her children as the permissible beneficiaries of the

---

[8] *BMO Harris Bank N.A. v. Towers*, 2015 IL App (1st) 133351, 43 N.E.3d 1131, 398 Ill. Dec. 221 (2015).

[9] *In re Estate of Reisman*, 266 Mich. App. 522, 702 N.W.2d 658 (2005).

- 573 -

Nebraska Supreme Court Advance Sheets
296 Nebraska Reports
IN RE ROBERT L. McDOWELL REVOCABLE TRUST
Cite as 296 Neb. 565

assets. The husband's will appointed the assets to his trust. Importantly, however, the trust contained language expressly stating that the assets appointed to his trust via the limited power of appointment were not an asset of his estate. The court held that this express language differentiating the assets rendered the appointment effective, because the assets never could have benefited the husband, his estate, or his creditors.

Betty's will attempted to exercise her power of appointment by devising all of the Trust A assets to her own trust. But her trust was not in the permissible group, and her trust contained no language separating the Trust A assets from the remainder of her trust assets. To the contrary, Betty's will provided that the Trust A assets were devised to her trust "to be administered by the Trustee as part of the property of [the trust]." By devising the Trust A assets to her trust without expressly providing that the Trust A assets were not to be commingled with her other assets, Betty improperly exercised the power of appointment for her benefit. Merger of the Trust A assets with Betty's assets resulted in nondesignated objects (Betty, her estate, her creditors, and creditors of her estate) potentially benefiting from the power of appointment, and rendered her appointment ineffective.[10] After reviewing the record, we find no error in the county court's determination that Betty's exercise of the power of appointment was ineffective.

## 2. Doctrines of Selective Allocation and Substantial Compliance Do Not Save Invalid Appointment

Stockall argues that even though Betty's will devised Trust A assets to her own trust, the county court should have applied the doctrines of selective allocation and/or substantial compliance to find Betty's exercise of the power of appointment was

---

[10] See, *BMO Harris Bank N.A., supra* note 8; *In re Estate of Reisman, supra* note 9.

- 574 -

Nebraska Supreme Court Advance Sheets
296 Nebraska Reports
IN RE ROBERT L. McDOWELL REVOCABLE TRUST
Cite as 296 Neb. 565

effective. This court has never applied either doctrine in a case such as this.

### (a) Selective Allocation

The doctrine of selective allocation is generally recognized by both the Restatement (Second) of Property and the Restatement (Third) of Property.[11] According to the Restatement (Third), "If the donee of a power of appointment exercises the power in a document that also disposes of owned property, the owned and appointive property are deemed to be allocated in the manner that best carries out the donee's intent."[12] Stockall urges us to apply this doctrine, through which she asserts we can assume that only those assets in Betty's trust that she owned during her lifetime were used to pay the expenses of administering her final affairs and the claims of any of her creditors. Stockall contends that such a construction of Betty's trust would render Betty's power of appointment effective.

Stockall argues that applying selective allocation is particularly apt in this case, because distribution via Betty's trust ultimately resulted in the property's being distributed to Robert's issue and Robert's issue was one of the groups designated to receive his Trust A assets. Stockall also argues that even though Betty's will appointed Trust A assets to Betty's own trust, neither Betty, her estate, her creditors, nor any creditors of Betty's estate actually benefited from the invalid appointment, because the assets of Betty's trust, independent of the Trust A assets, were more than sufficient to cover Betty's debts and expenses.

Although the doctrine of selective allocation is recognized in the Restatements, the doctrine has not been recognized or

---

[11] 3 Restatement (Third) of Property: Wills and Other Donative Transfers § 19.19 (2011); Restatement (Second) of Property: Donative Transfers § 22.1 (1986).

[12] 3 Restatement (Third), *supra* note 11 at 335.

- 575 -

Nebraska Supreme Court Advance Sheets
296 Nebraska Reports
IN RE ROBERT L. McDOWELL REVOCABLE TRUST
Cite as 296 Neb. 565

adopted in any of our prior jurisprudence. Nor is it a doctrine that is commonly applied by other jurisdictions. Our research reveals that historically, only a few states (Massachusetts, Pennsylvania, and New York) have judicially recognized the doctrine.[13] We have found no reported case applying the doctrine in the past 40 years, and the parties direct us to none.

Our research suggests that legislatures in several states have recognized the doctrine by adopting all or provisions of the Uniform Powers of Appointment Act.[14] That act addresses selective allocation by stating, "If a powerholder exercises a power of appointment in a disposition that also disposes of property the powerholder owns, the owned property and the appointive property must be allocated in the permissible manner that best carries out the powerholder's intent."[15] To date, the Nebraska Legislature has not adopted the Uniform Powers of Appointment Act.

[8] More important, the doctrine of selective allocation is a rule of construction.[16] Rules of construction for interpreting a trust are applied when the language of the trust is not clear; but if the language clearly expresses the settlor's intent, the rules do not apply.[17] We see no reason to resort to a rule of construction when the terms of both Robert's trust and Betty's will and trust are clear and unambiguous. Indeed, the county

---

[13] See Joel E. Hoffman, *Powers of Appointment and Selective Allocation*, 46 Cornell L. Rev. 416 (1961).

[14] See, Unif. Powers of Appointment Act, 7C U.L.A. 394 (Supp. 2016); Colo. Rev. Stat. Ann. § 15-2.5-308 (West Cum. Supp. 2016); Mo. Ann. Stat. § 456.1050 (West Cum. Supp. 2017); N.M. Stat. Ann. § 46-11-308 (Cum. Supp. 2016); N.C. Gen. Stat. § 31D-3-308 (2015); Va. Code Ann. § 64.2-2720 (Cum. Supp. 2016).

[15] Unif. Powers of Appointment Act, *supra* note 14, § 308, 7C U.L.A. at 418.

[16] See 2 Restatement (Third) of Property: Wills and Other Donative Transfers § 11.3 (2003) and 3 Restatement (Third), *supra* note 11, ch. 19, Part E, Introductory Note.

[17] *In re Wendland-Reiner Trust*, 267 Neb. 696, 677 N.W.2d 117 (2004).

- 576 -

Nebraska Supreme Court Advance Sheets
296 Nebraska Reports
IN RE ROBERT L. McDOWELL REVOCABLE TRUST
Cite as 296 Neb. 565

court made an express finding to this effect, and no party challenges that finding on appeal. On this record, we decline Stockall's invitation to judicially adopt the doctrine of selective allocation.

### (b) Substantial Compliance

Both the Restatement (Second) and the Restatement (Third) recognize the rule of substantial compliance.[18] According to the Restatement (Third):

> Substantial compliance with formal requirements of an appointment imposed by the donor, including a requirement that the instrument of exercise make reference or specific reference to the power, is sufficient if (i) the donee knew of and intended to exercise the power, and (ii) the donee's manner of attempted exercise did not impair a material purpose of the donor in imposing the requirement.[19]

Stockall urges us to apply the rule of substantial compliance in order to find Betty's exercise of the power of appointment was effective. She argues that this rule should be applied, because "Robert's goal of allowing Betty to control disposition of [his Trust A assets] at her death in favor of Robert's issue was accomplished."[20]

The doctrine of substantial compliance can apply when the person exercising the power of appointment fails to comply with all the formal requirements imposed by the donor on the appointment.[21] Formal requirements relate to the manner of the appointment, not its substance.[22] They include such

---

[18] 3 Restatement (Third), *supra* note 11, § 19.10; Restatement (Second), *supra* note 11, § 18.3.

[19] 3 Restatement (Third), *supra* note 11, § 19.10 at 280.

[20] Brief for appellant at 32.

[21] 3 Restatement (Third), *supra* note 11, § 19.10.

[22] See *id.*, comment *b*.

- 577 -

Nebraska Supreme Court Advance Sheets
296 Nebraska Reports
IN RE ROBERT L. McDOWELL REVOCABLE TRUST
Cite as 296 Neb. 565

things as a specific reference to the power of appointment in the document attempting to assert it or a requirement that the appointment be made by deed under seal.[23] Here, Betty's attempted exercise of the power of appointment did not fail to comply with any formal requirement imposed by Robert's trust. Instead, it substantively failed because by merging the Trust A assets with her own trust assets, Betty attempted to exercise the power of appointment in favor of one who was not in the permissible group. The doctrine of substantial compliance is not applicable to this factual circumstance.

Moreover, this court has long recognized that "'[w]here the creator of a power defines the method of its execution, that method must be strictly followed, so far, at least, as may be necessary to give effect to his intent and design. This rule is fundamental.'"[24] The rule of substantial compliance presents an "ends justify the means" approach that is at odds with this court's established jurisprudence. The county court correctly refused to apply the rule of substantial compliance in this case, and Stockall's argument to the contrary is without merit.

### 3. Duty of Robert's Trustee

In his cross-appeal, the trustee of Robert's trust argues the county court erred in ordering him to recover the Trust A assets and distribute them in accordance with Robert's trust. He argues that because the court made an express finding that he did not breach Robert's trust when he transferred Trust A property to Betty's trust, the court had no authority to utilize the remedies for breach of trust available under Neb. Rev. Stat. § 30-3890 (Reissue 2016). Thus, the trustee of Robert's

---

[23] *Id*., comments *c*. and *d*.

[24] *Massey v. Guaranty Trust Co.*, 142 Neb. 237, 242, 5 N.W.2d 279, 282 (1942), quoting *Arlington State Bank v. Paulsen*, 57 Neb. 717, 78 N.W. 303 (1899).

- 578 -

Nebraska Supreme Court Advance Sheets
296 Nebraska Reports
IN RE ROBERT L. McDOWELL REVOCABLE TRUST
Cite as 296 Neb. 565

trust argues, the court had no power to void the act of the trustee in transferring Trust A property to Betty's trust, or to compel the trustee to recover the Trust A property and distribute it in accordance with Robert's trust.

[9] It is true that the county court order includes a finding that Robert's trustee "acted appropriately, reasonably, and in good faith under the circumstances, and he did not commit a breach of trust in executing his duties as Trustee of Robert's Trust." No party challenges this factual finding. However, upon our review of the record, we find the court committed plain error in making this finding, because it cannot be reconciled with the finding that Betty's appointment of Trust A property to her own trust was ineffective. Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process.[25] An appellate court may, at its option, notice plain error.[26]

[10,11] As we previously explained, Betty's exercise of the power of appointment was ineffective on its face, because it violated the limited power of appointment granted her by Robert's trust. A breach of trust includes every omission or commission which violates in any manner the obligation of carrying out a trust according to its terms.[27] Every violation by a trustee of a duty required of it by law, whether willful and fraudulent, or done through negligence, or arising through mere oversight or forgetfulness, is a breach of trust.[28] When the trustee of Robert's trust transferred Trust A assets to

---

[25] *Connelly v. City of Omaha*, 284 Neb. 131, 816 N.W.2d 742 (2012); *Cesar C. v. Alicia L.*, 281 Neb. 979, 800 N.W.2d 249 (2011).

[26] *United States Cold Storage v. City of La Vista*, 285 Neb. 579, 831 N.W.2d 23 (2013); *Folgers Architects v. Kerns*, 262 Neb. 530, 633 N.W.2d 114 (2001).

[27] *In re Estate of Linch*, 136 Neb. 705, 287 N.W. 88 (1939); *In re Louise V. Steinhoefel Trust*, 22 Neb. App. 293, 854 N.W.2d 792 (2014).

[28] *Johnson v. Richards*, 155 Neb. 552, 52 N.W.2d 737 (1952).

- 579 -

Nebraska Supreme Court Advance Sheets
296 Nebraska Reports
IN RE ROBERT L. McDOWELL REVOCABLE TRUST
Cite as 296 Neb. 565

Betty's trust pursuant to an ineffectively exercised power of appointment, he committed a breach of trust.[29]

[12] According to § 30-3890, a violation by a trustee of a duty the trustee owes to a beneficiary is a breach of trust. And to "remedy a breach of trust that has occurred or may occur," the court may, among other things, "compel the trustee to perform the trustee's duties,"[30] "compel the trustee to redress a breach of trust by . . . restoring property,"[31] or "void an act of the trustee, impose a . . . constructive trust on trust property, or trace trust property wrongfully disposed of and recover the property or its proceeds."[32] Additionally, the court has authority to "order any other appropriate relief."[33]

Here, after determining that Betty's exercise of the power of appointment was ineffective and void, the county court ordered:

> [The] successor trustee to the Robert McDowell Trust, is hereby instructed to recover all assets, income, and principal properly attributable to [Trust A] since Robert['s] death (including as it relates to [Trust A's] ownership interest in McDowell Cattle Company), preserve such assets, income, and principal, and distribute such assets, income, and principal in accordance with Article Fourth, Paragraph (e)(2) of Robert's Trust. The Court shall retain jurisdiction to ensure that the trustee of Robert's Trust carries out this Order.

Because the trustee of Robert's trust breached the trust when he distributed the Trust A assets pursuant to an invalid exercise of appointment, the county court had available all the

---

[29] See, also, 3 Restatement (Third), *supra* note 11, § 19.17(a) at 329 ("[a] fiduciary who transfers property pursuant to a direct appointment to an impermissible appointee commits a breach of trust").

[30] § 30-3890(b)(1).

[31] § 30-3890(b)(3).

[32] § 30-3890(b)(9).

[33] § 30-3890(b)(10).

- 580 -

Nebraska Supreme Court Advance Sheets
296 Nebraska Reports
IN RE ROBERT L. McDOWELL REVOCABLE TRUST
Cite as 296 Neb. 565

remedies for breach of trust under § 30-3890(b). And the remedies ordered by the county court were among those permitted by statute. To the extent the trustee of Robert's trust argues otherwise, his cross-appeal is without merit.

## V. CONCLUSION

For the foregoing reasons, we modify the decision of the county court to the extent it failed to find that the trustee of Robert's trust breached the trust, but we otherwise affirm the decision of the county court.

Affirmed as modified.

Miller-Lerman, J., not participating.