Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/22/2017 08:11 PM CST

In re Estate of Sheila Foxley Radford, deceased.
Provident Trust Company et al., appellees,
v. Mary Radford, appellant.

___ N.W.2d ___

Filed September 15, 2017.    No. S-16-415.

1. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.

2. **Trusts: Equity: Appeal and Error.** Absent an equity question, an appellate court reviews trust administration matters for error appearing on the record; but where an equity question is presented, appellate review of that issue is de novo on the record.

3. **Evidence: Appeal and Error.** In a review de novo on the record, an appellate court reappraises the evidence as presented by the record and reaches its own independent conclusions on the matters at issue. When evidence is in conflict, the appellate court considers and may give weight to the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another.

4. **Judgments: Records: Appeal and Error.** Meaningful appellate review requires a record that elucidates the factors contributing to the lower court's decision.

5. **Evidence: Records: Pleadings: Appeal and Error.** An appellate record typically contains the bill of exceptions, used to present factual evidence to an appellate court, and the transcript, used to present pleadings and orders of the case to the appellate court.

6. **Evidence: Records: Appeal and Error.** A bill of exceptions is the only vehicle for bringing evidence before an appellate court; evidence which is not made a part of the bill of exceptions may not be considered.

7. **Trial: Testimony: Evidence.** At a hearing, testimony must be under oath and documents must be admitted into evidence before being considered by the trial court.

8. **Trial: Stipulations: Judgments: Time.** While no particular form of stipulation is required when made orally in open court, except that it be noted in the minutes, its terms must be definite and certain in order to render the proper basis for a judicial decision.

9. **Pleadings: Evidence: Waiver.** Judicial admissions and stipulations constitute a substitute for evidence, thereby waiving or dispensing with the need to produce evidence by conceding for the purpose of litigation that a proposition of fact is true.

10. **Pleadings: Evidence.** Judicial admissions must be unequivocal, deliberate, and clear, and not the product of mistake or inadvertence.

11. **Pleadings: Intent.** An admission does not extend beyond the intendment of the admission as clearly disclosed by its context.

12. **Judicial Notice: Evidence.** Judicial notice of an adjudicative fact is a species of evidence.

13. **Judicial Notice: Records: Appeal and Error.** Papers requested to be judicially noticed must be marked, identified, and made a part of the record. Testimony must be transcribed, properly certified, marked, and made a part of the record. The trial court's ruling should state and describe what it is the court is judicially noticing. Otherwise, a meaningful review of its decision is impossible.

14. **Judicial Notice: Rules of the Supreme Court: Evidence.** A court will take judicial notice of its own records. However, under Neb. Evid. R. 201(2), Neb. Rev. Stat. § 27-201(2) (Reissue 2016), judicially noticing its own proceedings and judgment is proper only where the same matters have already been considered and determined.

15. **Pleadings: Evidence: Records: Presumptions.** In the absence of a bill of exceptions, an appellate court presumes that any issue of fact raised by the pleadings received support from the evidence.

16. **Records: Pleadings: Appeal and Error.** When a transcript, containing the pleadings and order in question, is sufficient to present the issue for appellate disposition, a bill of exceptions is unnecessary to preserve an alleged error of law regarding the proceedings under review.

17. **Pleadings: Proof.** Pleadings alone are not proof but mere allegations of what the parties expect the evidence to show.

18. **Pleadings: Trial: Evidence.** Pleadings and their attachments which are not properly admitted into evidence cannot be considered by the trial court.

19. **Records: Pleadings.** An application and its attachments are not evidence, and the allegations therein remain controverted facts until proved by evidence incorporated in the bill of exceptions.

20. **Records: Appeal and Error.** It is incumbent upon the appellant to present a record supporting the errors assigned; absent such a record,

an appellate court will affirm the lower court's decision regarding those errors.

21. **Records: New Trial: Appeal and Error.** When a record is deficient through no fault of the appellant, an appellate court will remand for a new trial if the deficiency in the record prevents the court from providing the appellant meaningful appellate review of the assignments of error.

22. **Evidence: Proof: Presumptions: Appeal and Error.** When, on appeal, an appellant argues that the evidence is insufficient on a point for which the appellee bore the burden of proof, an appellate court will not presume there was evidence before the lower court, when the filed bill of exceptions indicates that no evidence was offered.

Appeal from the County Court for Douglas County: STEPHANIE R. HANSEN, Judge. Reversed and remanded for further proceedings.

Richard A. DeWitt and Steven G. Ranum, of Croker, Huck, Kasher, DeWitt, Anderson & Gonderinger, L.L.C., for appellant.

Jeffrey J. Blumel and Kelsey M. Weiler, of Abrahams, Kaslow & Cassman, L.L.P., for appellee Brigid Radford.

HEAVICAN, C.J., WRIGHT, MILLER-LERMAN, CASSEL, STACY, KELCH, and FUNKE, JJ.

FUNKE, J.

## I. NATURE OF CASE

Mary Radford appeals from a county court order concerning the distribution of the Sheila Foxley Radford Trust (Trust). Applying Neb. Rev. Stat. § 30-2350 (Reissue 2016), the court ruled that a gift from Sheila Foxley Radford to Mary, which preceded the Trust's restatement but was acknowledged by Mary as an inheritance in a contemporaneous writing, was in satisfaction of Mary's inheritance from the Trust.

We find that the county court had insufficient evidence upon which it could base its findings. Accordingly, we reverse, and remand for a new hearing on the trustee's motion for direction.

## II. FACTS

In November 2015, Provident Trust Company, trustee for the Trust, filed an application for direction asking whether the doctrine of ademption by satisfaction applied to Sheila's gift to Mary, which it alleged Mary had contemporaneously acknowledged as an inheritance under § 30-2350. Attached to the application were copies of the Trust document, Sheila's will, and Mary's handwritten note.

The trustee set forth the following factual allegations in the application. On May 30, 2007, Mary signed a handwritten note stating: "This letter acknowledges that Sheila Radford, also known as 'mom', is affording me $200,000 for purchase of a home and is recognized by me as inheritance. I sign here recognizing that this is true." On June 11, Sheila wire-transferred $200,000 from her bank account to a title company, stating, "re: Mary Radford." Then, on April 6, 2010, Sheila updated her will and amended and restated the Trust. Sheila's will contained a "pour-over" provision for the Trust. The Trust's residuary was to be distributed among Sheila's four children upon her death: one-half to appellee, Brigid Radford, and one-sixth each to Mary, William Radford, and Christopher Radford. However, the Trust's restatement made no mention of the gift to Mary. Sheila passed away on October 5, 2014.

At hearings on the case, the trustee did not appear, but was represented by legal counsel. Mary appeared telephonically as a self-represented litigant. Neither party submitted any exhibits, no witnesses were sworn, nor was any testimony adduced. Instead, counsel asked the court "to take judicial notice of the record," to which the court responded that it would "take judicial notice of the record." Further, the trustee's counsel made several statements which summarized the issues presented by the application, relevant legal authority, and the facts. Counsel's statements included the following: On May 30, 2007, Mary signed a handwritten note "basically" stating: "Sheila Radford, also known as 'Mom,' is affording me $200,000 for purchase of a home and is recognized by me as

an inheritance. I sign here recognizing this as true." Counsel further stated, "There was a wire transfer. Money was given at that time. So, that actually happened." When discussing the issue of ademption by satisfaction, counsel stated that "if she'd already gotten that $200,000," then the court would "take it away." Counsel stated that 3 years later, the will and Trust were "done" and that Sheila's will contained a "pour-over" provision for the Trust. The Trust's residuary was to be distributed among Sheila's four children upon her death: one-half to Brigid, and one-sixth each to Mary, William, and Christopher.

After her statements, the trustee's attorney added, "I don't think there was any dispute as to the facts of the order of things or anything like that, right, Mary?" Mary replied, "No, there isn't." Mary then told the court about conversations with Sheila shortly before her death regarding Sheila's intent for the Trust's devises.

The court's order stated: "At the hearing, the court was advised that the facts are not in dispute and the sole issue is to resolve a question of law." Nevertheless, the order's statement of facts was more comprehensive than what counsel presented at the hearing and was buttressed by the facts contained in the application.

The court determined that § 30-2350 required it to consider Mary's contemporaneous writing acknowledgment and disregard parol evidence concerning the gift or its effect. Accordingly, the court ruled that the gift was an advancement of inheritance under § 30-2350 and reduced Mary's share of the residuary from the Trust accordingly. Under the court's decision, Mary was not entitled to any distribution from the Trust because a one-sixth share of the residuary was less than $200,000. Mary appealed.

### III. ASSIGNMENTS OF ERROR

Mary assigns, restated, that the court erred in (1) applying § 30-2350 to a trust, (2) finding that the doctrine of ademption by satisfaction—whether under the common law or

§ 30-2350—applies to a gift made before the execution of the trust instrument, (3) disregarding Sheila's intent to give Mary a one-sixth interest in the Trust—as expressed in the plain language of the trust instrument; and (4) determining that Mary's share of the Trust should be adeemed by the gift.

## IV. STANDARD OF REVIEW

[1] Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.[1]

[2,3] Absent an equity question, an appellate court reviews trust administration matters for error appearing on the record; but where an equity question is presented, appellate review of that issue is de novo on the record.[2] In a review de novo on the record, an appellate court reappraises the evidence as presented by the record and reaches its own independent conclusions on the matters at issue.[3] When evidence is in conflict, the appellate court considers and may give weight to the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another.[4]

## V. ANALYSIS

### 1. Insufficient Evidence Was Offered to Support Court's Findings

[4] Before assessing Mary's assignments of error, it is necessary to determine the scope of the evidence set forth in the record. Generally, meaningful appellate review requires a record that elucidates the factors contributing to the lower court's decision.[5]

---

[1] *Hargesheimer v. Gale*, 294 Neb. 123, 881 N.W.2d 589 (2016).

[2] *In re Robert L. McDowell Revocable Trust*, 296 Neb. 565, 894 N.W.2d 810 (2017).

[3] *Bergmeier v. Bergmeier*, 296 Neb. 440, 894 N.W.2d 266 (2017).

[4] *Id.*

[5] *Hynes v. Good Samaritan Hosp.*, 285 Neb. 985, 830 N.W.2d 499 (2013).

[5,6] An appellate record typically contains the bill of exceptions, used to present factual evidence to an appellate court, and the transcript, used to present pleadings and orders of the case to the appellate court.[6] A bill of exceptions is the only vehicle for bringing evidence before an appellate court; evidence which is not made a part of the bill of exceptions may not be considered.[7]

[7] In the instant case, a bill of exceptions was prepared by the county court and was considered by us on appeal. The bill of exceptions shows that at the trial level, no exhibits were entered into evidence, nor did any witnesses testify under oath. We have previously recognized, in other matters, that at a hearing, "'testimony must be under oath and documents must be admitted into evidence before being considered'" by the trial court.[8]

However, the trial court's statement at the hearing, that it would "take judicial notice of the record," and its statement in its order, that it was "advised that the facts are not in dispute," suggest that the court relied on substitutes for exhibit evidence. Accordingly, we must consider whether the bill of exceptions elucidates any substitute evidence which contributed to the lower court's decision either through judicial notice or as a result of a stipulation or admission by the parties. Absent a complete bill of exceptions, we must determine whether the transcript is sufficient to support the court's judgment.

### (a) Parties Neither Stipulated to Nor Admitted Facts That Would Have Obviated Need for Evidence in This Case

[8] Neb. Ct. R. § 6-1404 permits parties to make informal oral stipulations in open court during trial without the

---

[6] See *City of Lincoln v. Nebraska Pub. Power Dist.*, 9 Neb. App. 465, 614 N.W.2d 359 (2000).

[7] *In re Estate of Panec*, 291 Neb. 46, 864 N.W.2d 219 (2015).

[8] *Richards v. McClure*, 290 Neb. 124, 132, 858 N.W.2d 841, 848 (2015), quoting *Mahmood v. Mahmud*, 279 Neb. 390, 778 N.W.2d 426 (2010).

requirement of reducing the stipulation to a writing signed by the parties or counsel for the parties. "While no particular form of stipulation is required when made orally in open court, except that it be noted in the minutes, its terms must be definite and certain in order to render the proper basis for a judicial decision."[9]

In regard to stipulations to factual issues, we have stated:

> "An express waiver, made in court or preparatory to trial, by the party or his attorney, conceding for the purposes of the trial the truth of some alleged fact, has the effect of a confessory pleading, in that the fact is thereafter to be taken for granted; so that the one party need offer no evidence to prove it, and the other is not allowed to disprove it. This is what is commonly termed a solemn—*i. e.* ceremonial or formal—or *judicial admission*, or *stipulation*. It is, in truth, a substitute for evidence, in that it does away with the need for evidence."[10]

[9-11] As recognized above, a judicial admission is a formal act done in the course of judicial proceedings which is a substitute for evidence, thereby waiving or dispensing with the production of evidence by conceding for the purpose of litigation that the proposition of fact alleged by the opponent is true.[11] Similar to a stipulation, judicial admissions must be unequivocal, deliberate, and clear, and not the product of mistake or inadvertence.[12] Additionally, an admission does not

---

[9] 73 Am. Jur. 2d *Stipulations* § 2 at 532 (2012), citing *All Star Const. Co., Inc. v. Koehn*, 741 N.W.2d 736 (S.D. 2007), and *State v. Parra*, 122 Wash. 2d 590, 859 P.2d 1231 (1993).

[10] *LeBarron v. City of Harvard*, 129 Neb. 460, 468-69, 262 N.W. 26, 31 (1935). See 9 John Henry Wigmore, Evidence in Trials at Common Law § 2588 (James H. Chadbourn rev. 4th ed. 1981). See, also, *Watkins v. Lake Charles Memorial Hosp.*, 144 So. 3d 944 (La. 2014).

[11] *Reicheneker v. Reicheneker*, 264 Neb. 682, 651 N.W.2d 224 (2002); *Sempek v. Sempek*, 198 Neb. 300, 252 N.W.2d 284 (1977).

[12] *City of Ashland v. Ashland Salvage*, 271 Neb. 362, 711 N.W.2d 861 (2006).

extend beyond the intendment of the admission as clearly disclosed by its context.[13]

At the conclusion of the trustee's attorney's summary of the facts, issues, and law, she stated, "I don't think there was any dispute as to the facts of the order of things or anything like that, right, Mary?" Mary replied, "No, there isn't." While the parties may have agreed that there was no dispute as to the facts of the case, we cannot view the parties' act of agreeing that no dispute existed as a substitute for evidence.

Mary's response was not definite or clear as to what the facts in the case were. Though she agreed that the facts and the order of events in the case were not disputed, she did not say she agreed that counsel's statement of the facts was complete and accurate or that such statement of the facts should stand in lieu of evidence in the case. In fact, Mary attempted to provide additional facts to the court. Therefore, we do not read Mary's acknowledgment to be a stipulation that counsel's statement of the facts would act as a substitute for exhibit evidence or that she was making an admission as to the truth of such facts.

Further, counsel's statements themselves were not definite or clear on the facts in the case and the context suggests that it was not to be in lieu of actual evidence. Near the beginning of her statements, counsel requested the court to take judicial notice of the record taken. Before and after doing so, counsel requested the court to look at the various documents which she was discussing. Overall, the attorney's summation of the facts was brief and omitted important details alleged in the application. Accordingly, counsel's statements of the facts were neither clear nor definite. Instead, the context suggests that she intended the court to rely on documents judicially noticed, rather than her statements alone. Therefore, the statements by counsel and Mary set forth in the bill of exceptions did not

---

[13] *Id.*

establish a substitute for evidence that obviated the need for actual evidence.

### (b) No Evidence Was Incorporated Into
### Bill of Exceptions Through
### Judicial Notice

[12] Judicial notice of an adjudicative fact "'is a species of evidence.'"[14] Under Neb. Evid. R. 201(2), Neb. Rev. Stat. § 27-201(2) (Reissue 2016), a court may take judicial notice of adjudicative facts that are not subject to reasonable dispute, because they are either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.[15] When neither of the alternative tests is satisfied, judicial notice of an adjudicative fact is improper.[16]

[13] We have stated that care should be taken by a court to identify the fact it is noticing and its justification for doing so.[17] Specifically,

> "'[p]apers requested to be [judicially] noticed must be marked, identified, and made a part of the record. Testimony must be transcribed, properly certified, marked and made a part of the record. [The t]rial court's ruling . . . should state and describe what it is the court is judicially noticing. Otherwise, a meaningful review [of its decision] is impossible.'"[18]

---

[14] *Wolgamott v. Abramson*, 253 Neb. 350, 356, 570 N.W.2d 818, 823 (1997).

[15] See *id.* See, also, *Strunk v. Chromy-Strunk*, 270 Neb. 917, 708 N.W.2d 821 (2006).

[16] *Gottsch v. Bank of Stapleton*, 235 Neb. 816, 458 N.W.2d 443 (1990).

[17] *Strunk, supra* note 15.

[18] *Everson v. O'Kane*, 11 Neb. App. 74, 79, 643 N.W.2d 396, 401 (2002), quoting *In re Interest of C.K., L.K., and G.K.*, 240 Neb. 700, 484 N.W.2d 68 (1992). See, also, *Strunk, supra* note 15.

[14] Generally, a court will take judicial notice of its own records.[19] However, in *In re Interest of N.M. and J.M.*,[20] we recognized that "judicially notic[ing] 'its own proceedings and judgment [is proper only] where the same matters have already been considered and determined.'" There, on a motion to terminate parental rights, the court took judicial notice of exhibits from previous review hearings. However, during the previous hearings, one of the parents was without counsel. Further, the facts set forth in the exhibits were not information generally known within the jurisdiction or capable of being accurately and readily determined. Accordingly, we reasoned that the facts contained in such reports had not been considered and determined, but, instead, remained controverted. Therefore, we held that the court erred in taking judicial notice of the reports, despite being part of the court's record.[21] We note that *In re Interest of N.M. and J.M.* demonstrates why it is important that a court mark, identify, and make each document it notices part of the record so that we may review the admissibility of each noticed document.

In this matter, the court should have identified what it considered to be "the record" by individually marking and introducing into evidence each document that it considered relevant and competent. Since these steps were not taken, no evidence has been preserved in the record for appellate review.

(c) Transcript Was Insufficient to
Support Court's Judgment

[15,16] In the absence of a bill of exceptions, an appellate court presumes that any issue of fact raised by the pleadings

---

[19] See *Rhodes v. Yates*, 210 Neb. 14, 312 N.W.2d 680 (1981).

[20] *In re Interest of N.M. and J.M.*, 240 Neb. 690, 699, 484 N.W.2d 77, 83 (1992) (emphasis omitted). See § 27-201(2) ("[a] judicially noticed fact must be one not subject to reasonable dispute in that it is . . . (b) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned").

[21] *Id.*

received support from the evidence.[22] When the transcript, containing the pleadings and order in question, is sufficient to present the issue for appellate disposition, a bill of exceptions is unnecessary to preserve an alleged error of law regarding the proceedings under review.[23]

In this matter, we do have a bill of exceptions to consider, which indicates that no evidence was adduced through the testimony of sworn witnesses or exhibits received. As a result, the only information available for review are the pleadings, the attachments to the pleadings, and the court's order.

[17-19] We have previously held that the pleadings alone are not proof but mere allegations of what the parties expect the evidence to show.[24] We have further held that pleadings and their attachments which were not properly admitted into evidence could not be considered by the trial court. An application is a form of pleading.[25] Therefore, an application and its attachments are not evidence, and the allegations therein remain controverted facts until proved by evidence incorporated in the bill of exceptions.

Again, in this matter, the court received no evidence which would have proved the allegations of the trustee's motion. As a result, the transcript before us is not sufficient to support the decision of the county court.

## 2. Matter Must Be Remanded
### for New Hearing

[20,21] As a general proposition, it is incumbent upon the appellant to present a record supporting the errors assigned; absent such a record, an appellate court will affirm the lower court's decision regarding those errors.[26] However, when a

---

[22] *Stewart v. Heineman*, 296 Neb. 262, 892 N.W.2d 542 (2017).

[23] *Murphy v. Murphy*, 237 Neb. 406, 466 N.W.2d 87 (1991).

[24] *Wilson v. Wilson*, 238 Neb. 219, 469 N.W.2d 750 (1991).

[25] See *Richards, supra* note 8.

[26] *Ginger Cove Common Area Co. v. Wiekhorst*, 296 Neb. 416, 893 N.W.2d 467 (2017).

record is deficient through no fault of the appellant, this general rule does not apply.[27] Instead, we will remand for a new trial if the deficiency in the record prevents us from providing the appellant meaningful appellate review of the assignments of error.[28]

[22] When, on appeal, an appellant argues that the evidence is insufficient on a point for which the appellee bore the burden of proof, we will not presume there was evidence before the lower court, when the filed bill of exceptions indicates that no evidence was offered.[29]

The trustee was the moving party. As a result, the trustee possessed the burden to provide sufficient evidence for the court to consider when determining the motion. The trustee's failure to elicit any evidence was through no fault of Mary. To affirm the lower court's decision based upon the lack of evidence in the record would be tantamount to rewarding the trustee for failing to meet its burden. Therefore, the matter must be remanded for a new hearing to allow evidence to be properly considered by the county court.

## VI. CONCLUSION

As a court of record, the county court erred in failing to create a record which contained the factors it relied on to reach its decision. As a result, upon our de novo review, we find that the county court had insufficient evidence upon which it could base its findings. Therefore, we reverse, and remand for a new hearing on the trustee's motion for direction.

Reversed and remanded for
further proceedings.

---

[27] *Hynes, supra* note 5.

[28] *Id.*

[29] *Stewart, supra* note 22.