Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/08/2020 08:17 AM CDT

Western Ethanol Company, LLC,
appellee, v. Midwest Renewable
Energy, LLC, appellant.

___ N.W.2d ___

Filed February 14, 2020.    No. S-18-1192.

1. **Judgments: Jurisdiction: Appeal and Error.** When a jurisdictional question does not involve a factual dispute, determination of a jurisdictional issue is a matter of law which requires an appellate court to reach a conclusion independent from the trial court's; however, when a determination rests on factual findings, a trial court's decision on the issue will be upheld unless the factual findings concerning jurisdiction are clearly incorrect.
2. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.
3. **Jurisdiction: Final Orders: Appeal and Error.** For an appellate court to acquire jurisdiction of an appeal, the party must be appealing from a final order or a judgment.
4. **Final Orders: Appeal and Error.** The three types of final orders that an appellate court may review are (1) an order that affects a substantial right and that determines the action and prevents a judgment, (2) an order that affects a substantial right made during a special proceeding, and (3) an order that affects a substantial right made on summary application in an action after a judgment is rendered.
5. **____: ____.** A substantial right is affected if an order affects the subject matter of the litigation, such as diminishing a claim or defense that was available to an appellant before the order from which an appeal is taken.
6. **Contracts: Assignments.** An assignment is a contract between the assignor and the assignee, and is interpreted or construed according to the rules of contract construction.
7. **Contracts: Parties.** Only a party (actual or alleged) to a contract can challenge its validity.

- 2 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
305 NEBRASKA REPORTS
WESTERN ETHANOL CO. v. MIDWEST RENEWABLE ENERGY
Cite as 305 Neb. 1

8. \_\_\_\_: \_\_\_\_. Parties can recover as third-party beneficiaries of a contract only if it appears that the rights and interest of the third parties were contemplated and that provision was being made for them.

9. **Assignments: Debtors and Creditors.** If the assignment is effective to pass legal title, the debtor cannot interpose defects or objections which merely render the assignment voidable at the election of the assignor or those standing in his or her shoes. However, a debtor may assert as a defense any matter which renders the assignment absolutely invalid, ineffective, or void.

10. **Assignments: Actions.** An assignee of a chose in action assigned for the purpose of collection is the real party in interest and authorized to maintain an action thereon.

11. **Assignments: Actions: Parties: Standing: Jurisdiction: Proof.** An assignee can establish standing to bring an action in its own name, and thus show the court had subject matter jurisdiction, if it proves by a preponderance of the evidence the existence of a written assignment under Neb. Rev. Stat. § 25-304 (Reissue 2016).

12. **Evidence: Records: Pleadings: Appeal and Error.** An appellate record typically contains the bill of exceptions, used to present factual evidence to an appellate court, and the transcript, used to present pleadings and orders of the case to the appellate court.

13. **Evidence: Records: Appeal and Error.** A bill of exceptions is the only vehicle for bringing evidence before an appellate court; evidence which is not made a part of the bill of exceptions may not be considered.

14. **Actions: Judicial Notice: Appeal and Error.** In interwoven and interdependent cases, an appellate court may examine its own records and take judicial notice of the proceedings and judgment in a former action involving one of the parties.

15. **Actions: Judicial Notice: Records: Appeal and Error.** An appellate court may take judicial notice of a document, including briefs filed in an appeal, in a separate but related action concerning the same subject matter in the same court.

16. **Pleadings: Evidence: Waiver: Words and Phrases.** A judicial admission is a formal act done in the course of judicial proceedings which is a substitute for evidence, thereby waiving or dispensing with the production of evidence by conceding for the purpose of litigation that the proposition of fact alleged by the opponent is true.

17. **Jurisdiction.** While parties cannot confer subject matter jurisdiction upon a judicial tribunal by either acquiescence or consent, nor may subject matter jurisdiction be created by waiver, estoppel, consent, or conduct of the parties, such does not prevent a party from conclusively admitting the truth of an underlying fact required to establish subject matter jurisdiction by judicial admission.

- 3 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
WESTERN ETHANOL CO. v. MIDWEST RENEWABLE ENERGY
Cite as 305 Neb. 1

18. **Estoppel.** The doctrine of judicial estoppel protects the integrity of the judicial process by preventing a party from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding.

19. **Estoppel: Intent.** Fundamentally, the intent behind the doctrine of judicial estoppel is to prevent parties from gaining an advantage by taking one position in a proceeding and then switching to a different position when convenient in a later proceeding.

20. **Estoppel.** Whether judicial estoppel is applicable turns on whether the court has accepted inconsistent positions from the plaintiff.

21. ____. Judicial acceptance does not require that a party prevail on the merits, but only that the first court adopted the position urged by the party, either as a preliminary matter or as part of a final disposition.

22. **Trial: Waiver: Appeal and Error.** Failure to make a timely objection waives the right to assert prejudicial error on appeal.

Appeal from the District Court for Lincoln County: Richard A. Birch, Judge. Affirmed.

Dean J. Jungers for appellant.

William J. Troshynski, of Brouillette, Dugan & Troshynski, P.C., L.L.O., for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Funke, J.

The judgment debtor, Midwest Renewable Energy, LLC (Midwest Renewable), appeals from the denial of its motion to quash execution of a judgment. Midwest Renewable argued to the district court that the original judgment creditor, Western Ethanol Company, LLC (Western Ethanol), had not assigned the judgment to Douglas B. Vind, the managing member of Western Ethanol who requested execution after Western Ethanol dissolved. The district court disagreed and found that the judgment had been assigned to Vind. Finding no merit in Midwest Renewable's appeal, we affirm the decision of the district court.

- 4 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
WESTERN ETHANOL CO. v. MIDWEST RENEWABLE ENERGY
Cite as 305 Neb. 1

## I. BACKGROUND

A judgment against Midwest Renewable was transcribed in Nebraska in 2010. This is the second appeal brought by Midwest Renewable disputing the ownership of that judgment. In its first appeal,[1] Midwest Renewable argued that Western Ethanol had no interest in the judgment because the judgment had been assigned to Vind. Midwest Renewable argues in the present appeal that there was no valid assignment to Vind. The following background describes the two different cases, which involve the same judgment, and the circumstances which led Midwest Renewable to assert contradictory positions when it filed appeals with this court.

Western Ethanol was a limited liability company formed under Nevada law and registered in California. In September 2010, Western Ethanol obtained a judgment against Midwest Renewable in California for attorney fees in the amount of $30,066.59, plus interest. In November 2010, pursuant to the Nebraska Uniform Enforcement of Foreign Judgments Act, Neb. Rev. Stat. §§ 25-1587.01 to 25-1587.09 (Reissue 2016), Western Ethanol filed an action in Nebraska and transcribed the California judgment. Western Ethanol then filed a writ of execution on the judgment and attempted to execute upon the judgment multiple times to no avail. In 2013, Western Ethanol dissolved and distributed its assets to its members.

In September 2014, Midwest Renewable filed a quiet title action against Western Ethanol, and other entities, which claimed an interest in Midwest Renewable's ethanol manufacturing facility located in Lincoln County, Nebraska. When Midwest Renewable moved for partial summary judgment against Western Ethanol, an affidavit executed by Vind was entered into evidence which alleged that Western Ethanol had transferred the California judgment to him. There was no assignment of judgment in the record, and Vind had not been made a party to the litigation. The district court overruled the

---

[1] See *Midwest Renewable Energy v. American Engr. Testing*, 296 Neb. 73, 894 N.W.2d 221 (2017).

- 5 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
305 NEBRASKA REPORTS
WESTERN ETHANOL CO. v. MIDWEST RENEWABLE ENERGY
Cite as 305 Neb. 1

motion for partial summary judgment. Midwest Renewable settled with the other parties, and the matter proceeded to trial against Western Ethanol as the only remaining defendant. Following trial, the court found that Western Ethanol had transferred its interest to Vind and that the judgment lien was valid and subsisting. Thus, the court dismissed the quiet title action against Western Ethanol.

Midwest Renewable appealed to this court and argued that the district court erred by failing to quiet Western Ethanol's claim. Midwest Renewable argued that "Western Ethanol has no interest in the judgment because it transferred all of its assets, including the judgment, to Vind and its other members on or before December 31, 2013."[2]

In our opinion disposing of that appeal, issued in March 2017, we concluded that the judgment against Midwest Renewable was assignable and that "if Midwest Renewable is correct in arguing that Western Ethanol's judgment was assigned, then . . . Vind would be the only party capable of enforcing or defending the judgment and judgment lien against Midwest Renewable."[3] We determined that Vind was an indispensable party; that the court erred in failing to make Vind a party to the action before rendering a decision; and that without Vind's presence, the court lacked subject matter jurisdiction to make a determination as to the owner of the judgment and the judgment lien. We vacated the district court's decision with direction to order Vind be named a party to the action.

Following remand in the quiet title action, Midwest Renewable unsuccessfully attempted to personally serve Vind with a summons. The court then permitted service by publication, which Midwest Renewable completed. Vind filed an answer, and Midwest Renewable served Vind with discovery requests. We have no further information in our record regarding the status of the quiet title action.

---

[2] *Id*. at 86, 894 N.W.2d at 234.

[3] *Id*. at 88, 894 N.W.2d at 235.

- 6 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
WESTERN ETHANOL CO. v. MIDWEST RENEWABLE ENERGY
Cite as 305 Neb. 1

In June 2017, in the present registration and enforcement of a foreign judgment case, Western Ethanol filed an "Acknowledgment of Assignment of Foreign Judgment." The document was signed by Vind as managing member and trustee on behalf of Western Ethanol. It stated, "PLEASE TAKE NOTICE that [Western Ethanol] does hereby acknowledge assignment of all interest, right and title to the foreign judgment entered against [Midwest Renewable]." Western Ethanol then filed an amended acknowledgment of assignment which clarified that the judgment had been assigned to Vind.

Without filing a formal pleading or motion to enter the case, Vind, as assignee, filed a praecipe for writ of execution. The praecipe stated that based on the amount of the judgment plus interest, Midwest Renewable owed Vind $51,156.64. Vind requested execution on Midwest Renewable's real estate. The clerk of court issued a writ of execution in conformance with the praecipe.

Midwest Renewable filed a motion to quash the execution. The motion argued that (1) no assignment of the judgment to Vind had been recorded with the court, (2) any assignment of the judgment was improper because Western Ethanol had dissolved, (3) Vind lacked authority to enforce the judgment, and (4) the validity of the judgment was under litigation in the quiet title action.

At the hearing on the motion to quash, Vind's counsel appeared, without objection from Midwest Renewable, and argued against the motion. Vind's counsel argued that the acknowledgments of assignment provide notice of the assignment to Midwest Renewable and the public.

After reviewing evidence and the parties' briefs, the court entered an order finding that the amended acknowledgment of assignment was sufficient to establish that Vind was the successor in interest to the foreign judgment. The court further found that the judgment was not dormant, and it overruled the motion to quash. Midwest Renewable filed a motion to alter or amend which asserted that Vind lacked standing and is not

- 7 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
305 NEBRASKA REPORTS
WESTERN ETHANOL CO. v. MIDWEST RENEWABLE ENERGY
Cite as 305 Neb. 1

the real party in interest, requesting a hearing pursuant to our holding in *Jacobs Engr. Group v. ConAgra Foods*.[4] Following a hearing, the court found that Vind is the real party in interest and overruled the motion.

Midwest Renewable appealed, and Vind appeared as appellee. We moved the appeal to our docket pursuant to our statutory authority to regulate the caseloads of the appellate courts of this State.[5]

## II. ASSIGNMENTS OF ERROR

Midwest Renewable assigns, restated, that the district court erred in (1) finding that Vind owns the judgment to be executed, (2) finding that Vind had properly been made a party to the case, and (3) overruling the motion to quash.

## III. STANDARD OF REVIEW

[1] When a jurisdictional question does not involve a factual dispute, determination of a jurisdictional issue is a matter of law which requires an appellate court to reach a conclusion independent from the trial court's; however, when a determination rests on factual findings, a trial court's decision on the issue will be upheld unless the factual findings concerning jurisdiction are clearly incorrect.[6] Other standards of review are articulated in our analysis of the issues below.

## IV. ANALYSIS

### 1. APPELLATE JURISDICTION

[2] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[7] The threshold

---

[4] *Jacobs Engr. Group v. ConAgra Foods*, 301 Neb. 38, 917 N.W.2d 435 (2018).

[5] See Neb. Rev. Stat. § 24-1106 (Cum. Supp. 2018).

[6] *Jacobs Engr. Group, supra* note 4.

[7] *Webb v. Nebraska Dept. of Health & Human Servs.*, 301 Neb. 810, 920 N.W.2d 268 (2018).

- 8 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
WESTERN ETHANOL CO. v. MIDWEST RENEWABLE ENERGY
Cite as 305 Neb. 1

issue is whether we have appellate jurisdiction over Midwest Renewable's appeal.

[3] In Nebraska, for an appellate court to acquire jurisdiction of an appeal, the party must be appealing from a final order or a judgment.[8] Here, Western Ethanol transcribed the California judgment and allegedly assigned the judgment to Vind, who filed a praecipe for writ of execution. Midwest Renewable filed a motion to quash the execution which was denied by the district court. Midwest Renewable then timely filed a motion to alter or amend, which was denied by the district court. Midwest Renewable then timely appealed from the district court's order denying the motion to alter or amend. The existence of appellate jurisdiction in this case therefore depends on whether Midwest Renewable has appealed from a final order.

A number of courts have held that an order refusing to quash an execution is an appealable order.[9] Nebraska appellate courts have previously exercised jurisdiction over appeals from orders overruling a motion to quash execution.[10]

[4,5] The three types of final orders that an appellate court may review are (1) an order that affects a substantial right and that determines the action and prevents a judgment, (2) an order that affects a substantial right made during a special proceeding, and (3) an order that affects a substantial right made on summary application in an action after a judgment is rendered.[11] A substantial right under § 25-1902 is an essential legal right.[12] A substantial right is affected if an order affects

---

[8] *Id.*

[9] *In re Marriage of DeLotel*, 73 Cal. App. 3d 21, 140 Cal. Rptr. 553 (1977); *C. E. McCune Co. v. Warndorf*, 55 Ohio App. 279, 9 N.E.2d 709 (1936); *Farmers Bank of North Henderson v. Stenfeldt*, 258 Ill. App. 428 (1930); *Opening of Parkway*, 267 Pa. 219, 110 A. 144 (1920).

[10] *Chitwood Packing Co. v. Warner*, 138 Neb. 800, 295 N.W. 882 (1941); *Lincoln Lumber Co. v. Elston*, 1 Neb. App. 741, 511 N.W.2d 162 (1993).

[11] See Neb. Rev. Stat. § 25-1902 (Reissue 2016).

[12] *Big John's Billiards v. State*, 283 Neb. 496, 811 N.W.2d 205 (2012).

- 9 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
305 NEBRASKA REPORTS
WESTERN ETHANOL CO. v. MIDWEST RENEWABLE ENERGY
Cite as 305 Neb. 1

the subject matter of the litigation, such as diminishing a claim or defense that was available to an appellant before the order from which an appeal is taken.[13] Substantial rights under § 25-1902 include those legal rights that a party is entitled to enforce or defend.[14]

In *Cattle Nat. Bank & Trust Co. v. Watson*,[15] we concluded that an order overruling objections to execution is classified within the third type of final order, a summary application in an action after judgment is rendered. In that case, the trial court issued orders overruling the debtor's objections to execution and garnishments. We found that the orders affected the debtor's substantial rights, because they eliminated the debtor's objections to the execution and garnishments, and that the execution and garnishments authorized the seizure of property or money which would otherwise have remained in the debtor's ownership and control. Thus, we concluded that the debtor had appealed from final orders and that there was jurisdiction over the appeal.

However, in another case in the context of garnishment proceedings under Neb. Rev. Stat. § 25-1011 (Reissue 2016), we determined that an order overruling a debtor's objections to garnishments was not a final order, because the order did not include a determination that the creditor was entitled to the funds.[16] The order appealed from did not authorize execution of a garnishment, did not affect a substantial right, and was not a final, appealable order.[17] Therefore, the existence of appellate jurisdiction turns on whether the order appealed from here authorized seizure of Midwest Renewable's property and affected a substantial right of Midwest Renewable.

---

[13] *Id.*

[14] *Id.*

[15] *Cattle Nat. Bank & Trust Co. v. Watson*, 293 Neb. 943, 880 N.W.2d 906 (2016).

[16] *Shawn E. on behalf of Grace E. v. Diane S.*, 300 Neb. 289, 912 N.W.2d 920 (2018).

[17] *Id.*

- 10 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
305 NEBRASKA REPORTS
WESTERN ETHANOL CO. v. MIDWEST RENEWABLE ENERGY
Cite as 305 Neb. 1

In overruling Midwest Renewable's motion to quash, the district court concluded that the foreign judgment had been validly registered in Nebraska and is a lien upon Midwest Renewable's real estate. In addition, the court found that the judgment is not dormant and that Vind holds the interest in the judgment. The court reaffirmed its ruling in denying Midwest Renewable's motion to alter or amend. Therefore, consistent with our decision in *Cattle Nat. Bank & Trust Co.*, the court's orders declining to quash execution affected a substantial right because the execution authorized the seizure of Midwest Renewable's property.[18] As a result, we have appellate jurisdiction in this matter.

## 2. MERITS

Midwest Renewable argues that the judgment has not been assigned to Vind and that the district court lacked jurisdiction over Vind's attempt to execute on the judgment. Midwest Renewable asserts that "[t]here is a substantial question as to the ownership of the judgment and the judgment lien herein"[19] and that there is "a conflict in the evidence presented [as to] when and if there was a valid assignment made."[20] Midwest Renewable contends that without an assignment, Vind is not the real party in interest. In response, Vind contends that pursuant to *Marcuzzo v. Bank of the West*,[21] Midwest Renewable lacks standing to challenge the assignment from Western Ethanol to Vind.

We conclude that Midwest Renewable has standing to challenge the assignment, that Vind is the real party in interest, and that Midwest Renewable's assignments of error lack merit.

---

[18] See *Cattle Nat. Bank & Trust Co., supra* note 15.

[19] Brief for appellant at 12.

[20] *Id*. at 14.

[21] *Marcuzzo v. Bank of the West*, 290 Neb. 809, 862 N.W.2d 281 (2015).

- 11 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
WESTERN ETHANOL CO. v. MIDWEST RENEWABLE ENERGY
Cite as 305 Neb. 1

### (a) Midwest Renewable Has Standing

Vind argues that Midwest Renewable lacks standing to challenge the validity of the assignment of the foreign judgment, because Midwest Renewable is not a party to the assignment and cannot articulate an injury caused by the assignment. Before a party is entitled to invoke a court's jurisdiction, that party must have standing to sue.[22] To have standing to sue, a party must have some legal or equitable right, title, or interest in the subject matter of the controversy.[23] Standing requires that a party show his or her claim is premised on his or her own legal rights as opposed to rights of a third party.[24]

[6-8] An assignment is a contract between the assignor and the assignee, and is interpreted or construed according to the rules of contract construction.[25] Nebraska law states that only a party (actual or alleged) to a contract can challenge its validity.[26] Parties can recover as third-party beneficiaries of a contract only if it appears that the rights and interest of the third parties were contemplated and that provision was being made for them.[27]

In *Marcuzzo*, the plaintiffs defaulted on their mortgage loan and their home was foreclosed and sold.[28] The plaintiffs filed suit alleging that the assignment of their mortgage was defective because there were "discrepancies and irregularities in the paperwork of the assignment."[29] In analyzing the plaintiffs'

---

[22] *Id.*

[23] See *id.*

[24] See *id.*

[25] *Schoonmaker* v. *Lawrence Brunoli, Inc.*, 265 Conn. 210, 828 A.2d 64 (2003); 6 Am. Jur. 2d *Assignments* § 1 (2018).

[26] *Marcuzzo, supra* note 21, citing *Spanish Oaks v. Hy-Vee*, 265 Neb. 133, 655 N.W.2d 390 (2003).

[27] *Id*., citing *Palmer v. Lakeside Wellness Ctr.*, 281 Neb. 780, 798 N.W.2d 845 (2011).

[28] *Marcuzzo, supra* note 21.

[29] *Id*. at 818, 862 N.W.2d at 289.

- 12 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
WESTERN ETHANOL CO. v. MIDWEST RENEWABLE ENERGY
Cite as 305 Neb. 1

claims on appeal, we applied the principle followed by a majority of courts that borrowers do not have standing to challenge an assignment of their mortgage, because they are not a party to the assignment contract.[30] We held that a borrower who is not a party to a mortgage assignment or a third-party beneficiary of the assignment lacks standing to challenge the assignment. We explained that if the assignment were in fact irregular, that would be an issue between the assignor and assignee.[31]

However, we recognized an exception to this rule. We indicated that a borrower could have standing to challenge the assignment of his or her mortgage where the borrower can show actual prejudice by the improper assignment, an injury that is directly traceable to the assignment, such as being at risk for paying the same debt twice, or by otherwise showing that the assignment is invalid, ineffective, or void.[32]

[9] We therefore limited the standing rule in *Marcuzzo* based on the type of challenge raised to the assignment.[33] The plaintiffs had alleged the assignment was ineffective because of deficiencies in the assignment paperwork. We explained that the plaintiffs had failed to allege an injury directly traceable to the assignment, because even if the plaintiffs' argument were correct that would make the assignment merely voidable at the election of a party to the assignment, but the assignment would otherwise be effective to pass legal title. If the assignment is effective to pass legal title, the debtor cannot interpose defects or objections which merely render the assignment voidable at the election of the assignor or those standing in his or her shoes.[34] However, a debtor may assert as a defense any

---

[30] See *id.* (citing cases).

[31] *Id.*, citing *Livonia Properties Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, 399 Fed. Appx. 97 (6th Cir. 2010).

[32] *Id.*, citing *Culhane v. Aurora Loan Services of Nebraska*, 708 F.3d 282 (1st Cir. 2013).

[33] See *Marcuzzo, supra* note 21.

[34] 6A C.J.S. *Assignments* § 133 (2016).

- 13 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
WESTERN ETHANOL CO. v. MIDWEST RENEWABLE ENERGY
Cite as 305 Neb. 1

matter which renders the assignment absolutely invalid, ineffective, or void.[35]

In the present matter, the assignment does not appear in the record. Midwest Renewable has made various assertions regarding the assignment and generally argues that no valid assignment was made. As we will later illustrate, Midwest Renewable has taken conflicting positions with regard to the assignment and its effect. However, for purposes of standing, Midwest Renewable's challenge to the assignment here is distinct from the challenge at issue in *Marcuzzo*.[36] If Midwest Renewable were correct that there was no valid assignment, then legal title would not have passed to Vind and Midwest Renewable would be directly injured by becoming obligated to pay a debt to a party without a legal right to collect the foreign judgment. Midwest Renewable has standing to argue the lack of a valid assignment to Vind.

### (b) Vind Owns Judgment and Judgment Lien

We must determine whether Vind is the real party in interest for purposes of enforcing the judgment against Midwest Renewable. Whether a party who commences an action has standing and is therefore the real party in interest presents a jurisdictional issue.[37] The stage of the litigation in which a party claims that its opponent lacks standing affects how a court should dispose of the claim.[38] If a motion challenging standing is made at the pleadings stage, it is considered a "facial challenge" and a court will review the pleadings to determine whether there are sufficient allegations to establish the plaintiff's standing.[39] But if the challenge to standing, and

---

[35] *Id.*

[36] See *Marcuzzo, supra* note 21.

[37] *Jacobs Engr. Group, supra* note 4.

[38] *Id.*

[39] See *id.*

- 14 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
WESTERN ETHANOL CO. v. MIDWEST RENEWABLE ENERGY
Cite as 305 Neb. 1

thus the court's subject matter jurisdiction, is raised after the pleadings stage and the court holds an evidentiary hearing and reviews evidence outside the pleadings, it is considered a "factual challenge" and the party opposing the challenge must offer evidence to support its burden of establishing subject matter jurisdiction.[40]

Where the trial court's decision on a question of subject matter jurisdiction is based on a factual challenge, the court's factual findings are reviewed under the clearly erroneous standard.[41] But aside from any factual findings, the trial court's ruling on subject matter jurisdiction is reviewed de novo, because it presents a question of law.[42]

Here, the district court received evidence on the issue of Vind's standing to execute the California judgment. We review the court's factual findings on this jurisdictional issue for clear error, and we review de novo the ultimate question of Vind's standing.

[10] Vind claims to be the assignee of a judgment against Midwest Renewable. An assignment is a transfer vesting in the assignee all of the assignor's rights in the property which is the subject of the assignment.[43] The assignee of a chose in action acquires no greater rights than those of the assignor, and takes it subject to all the defenses existent at the time.[44] A judgment, as a chose in action, is assignable.[45] A judgment may be assigned to someone who was not a party to the initial action, and the assignee receives the right to enforce such a judgment.[46] A judgment creditor may assign his rights in a

---

[40] See *id.*

[41] See *id.*

[42] See *id.*

[43] *Midwest Renewable Energy, supra* note 1.

[44] *Id.*

[45] *Id.* See 46 Am. Jur. 2d *Judgments* § 410 (2017).

[46] *Gilroy v. Lowe*, 626 P.2d 469 (Utah 1981).

- 15 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
WESTERN ETHANOL CO. v. MIDWEST RENEWABLE ENERGY
Cite as 305 Neb. 1

judgment for attorney fees.[47] An assignee of a chose in action assigned for the purpose of collection is the real party in interest and authorized to maintain an action thereon.[48]

[11] Nebraska's real party in interest statute provides that "[e]very action shall be prosecuted in the name of the real party in interest . . . ."[49] Neb. Rev. Stat. § 25-304 (Reissue 2016) states in relevant part: "Assignees of choses in action assigned for the purpose of collection may sue on any claim assigned in writing." Neb. Rev. Stat. § 25-302 (Reissue 2016) states: "The assignee of a thing in action may maintain an action thereon in the assignee's own name and behalf, without the name of the assignor." Recently, in *Hawley v. Skradski*,[50] we held that an assignee can establish standing to bring an action in its own name, and thus show the court had subject matter jurisdiction, if it proves by a preponderance of the evidence the existence of a written assignment under § 25-304. Under this rule, Vind can establish that he is the real party in interest and has standing to execute the judgment if he can prove by a preponderance of the evidence the existence of a written assignment of the California judgment.

Here, the bill of exceptions shows that the only exhibits received into evidence are a copy of the California judgment and copies of unanswered discovery requests and returns of service from the quiet title action. The court took judicial notice of its case file and the fact that no written assignment appeared in the record. The court found that the amended acknowledgment of assignment of the foreign judgment was sufficient proof of Vind's interest. However, the acknowledgment and amended acknowledgment of assignment appear in the transcript and not in the bill of exceptions.

---

[47] See *Boarman v. Boarman*, 210 W. Va. 155, 556 S.E.2d 800 (2001).

[48] See *Archer v. Musick*, 147 Neb. 1018, 25 N.W.2d 908 (1947).

[49] Neb. Rev. Stat. § 25-301 (Reissue 2016).

[50] *Hawley v. Skradski*, 304 Neb. 488, 935 N.W.2d 212 (2019).

- 16 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
WESTERN ETHANOL CO. v. MIDWEST RENEWABLE ENERGY
Cite as 305 Neb. 1

[12,13] An appellate record typically contains the bill of exceptions, used to present factual evidence to an appellate court, and the transcript, used to present pleadings and orders of the case to the appellate court.[51] A bill of exceptions is the only vehicle for bringing evidence before an appellate court; evidence which is not made a part of the bill of exceptions may not be considered.[52]

The only evidence recited in the court's decision is the amended acknowledgment of assignment, which states that all interest, right, and title to the California judgment has been assigned to Vind. Because the acknowledgments of assignment do not appear in the bill of exceptions, we cannot consider them as evidence. None of the evidence contained in the bill of exceptions shows the existence of a written assignment. However, the fact that the bill of exceptions lacks evidence to support the court's decision is not dispositive in this case. Under the circumstances presented here, we must take judicial notice of facts admitted by Midwest Renewable in the prior appeal which obviate the need for evidence of a written assignment to Vind.

[14,15] Neb. Rev. Stat. § 27-201(2)(b) (Reissue 2016) provides that judicial notice may be taken of any fact not subject to reasonable dispute, when such fact is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. The *Midwest Renewable Energy* opinion[53] is a source of which the accuracy cannot reasonably be questioned.[54] In interwoven and interdependent cases, we may examine our own records and take judicial notice of the proceedings and judgment in a former action involving one of

---

[51] *In re Estate of Radford*, 297 Neb. 748, 901 N.W.2d 261 (2017).

[52] *Id.*

[53] See *Midwest Renewable Energy, supra* note 1.

[54] See, e.g., *Nebraska Liq. Distrib. v. Nebraska Liq. Cont. Comm.*, 269 Neb. 401, 693 N.W.2d 539 (2005).

- 17 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
WESTERN ETHANOL CO. v. MIDWEST RENEWABLE ENERGY
Cite as 305 Neb. 1

the parties.[55] We have further held that we may take judicial notice of a document, including briefs filed in an appeal, in a separate but related action concerning the same subject matter in the same court.[56]

In our opinion in the previous appeal, we referred to the fact that both Western Ethanol's articles of dissolution in Nevada and its certificate of cancellation in California attested that it had distributed all of its assets to its members.[57] In that appeal, the statement of facts section of Midwest Renewable's brief of appellant referred to the affidavit filed by Vind which indicated that, as the result of Western Ethanol's dissolution, Vind received the asset of the judgment against Midwest Renewable. Midwest Renewable's brief stated Vind's affidavit established that the judgment against Midwest Renewable had been transferred to Vind and that he was then the interested party. Western Ethanol's brief of appellee stated in its statement of facts that Vind had received the judgment against Midwest Renewable. In its reply brief, Midwest Renewable accepted the statement of facts and explained that Vind had received the judgment prior to December 31, 2013, the date of Western Ethanol's dissolution.

[16] A judicial admission is a formal act done in the course of judicial proceedings which is a substitute for evidence, thereby waiving or dispensing with the production of evidence by conceding for the purpose of litigation that the proposition of fact alleged by the opponent is true.[58] Similar to a stipulation, judicial admissions must be unequivocal, deliberate, and clear, and not the product of mistake or inadvertence.[59] Additionally, an admission does not extend

---

[55] *Pennfield Oil Co. v. Winstrom*, 276 Neb. 123, 752 N.W.2d 588 (2008).

[56] *Id.*

[57] See *Midwest Renewable Energy, supra* note 1.

[58] *In re Estate of Radford, supra* note 51.

[59] *Id.*

- 18 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
305 NEBRASKA REPORTS
WESTERN ETHANOL CO. v. MIDWEST RENEWABLE ENERGY
Cite as 305 Neb. 1

beyond the intendment of the admission as clearly disclosed by its context.[60]

[17] Here, to support its argument that Western Ethanol's claim should be quieted, Midwest Renewable clearly, deliberately, and unequivocally declared that the judgment was validly assigned to Vind. Midwest Renewable asserted that the judgment was assigned solely to Vind and prior to Western Ethanol's dissolution. These admissions obviate the need for evidence of a written assignment in the present matter and defeat each of the arguments raised by Midwest Renewable in its challenge to Vind's standing. While parties cannot confer subject matter jurisdiction upon a judicial tribunal by either acquiescence or consent, nor may subject matter jurisdiction be created by waiver, estoppel, consent, or conduct of the parties, such does not prevent a party from conclusively admitting the truth of an underlying fact required to establish subject matter jurisdiction by judicial admission.[61]

For the sake of completeness, to the extent that Midwest Renewable may contend that its admissions lack clarity or were made unintentionally, Midwest Renewable is estopped from asserting a position that is inconsistent from the position that it previously advocated before this court.

[18,19] The doctrine of judicial estoppel protects the integrity of the judicial process by preventing a party from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding.[62] Fundamentally, the intent behind the doctrine of judicial estoppel is to prevent parties from gaining an advantage by taking one position in a proceeding and then switching to a different position when convenient in a later proceeding.[63] This doctrine, however, is to be applied with caution so as to avoid

---

[60] *Id.*

[61] *Jacobs Engr. Group, supra* note 4.

[62] *Hike v. State*, 297 Neb. 212, 899 N.W.2d 614 (2017).

[63] *Id.*

- 19 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
WESTERN ETHANOL CO. v. MIDWEST RENEWABLE ENERGY
Cite as 305 Neb. 1

impinging on the truth-seeking function of the court, because the doctrine precludes a contradictory position without examining the truth of either statement.[64] We have held that bad faith or an actual intent to mislead on the part of the party asserting inconsistent positions must be demonstrated before the judicial estoppel doctrine may be invoked.[65]

[20,21] Whether judicial estoppel is applicable turns on whether the court has accepted inconsistent positions from the plaintiff.[66] Judicial acceptance does not require that a party prevail on the merits, but only that the first court adopted the position urged by the party, either as a preliminary matter or as part of a final disposition.[67] In the prior appeal, we accepted Midwest Renewable's position to the extent that we were persuaded that Vind qualified as an indispensable party. We did not adopt Midwest Renewable's position that Vind is the real party in interest; we ordered the district court to make that determination. But we credited Midwest Renewable's position on the factual issue of Vind's ownership interest, which was supported by Vind's affidavit. We found that there was a question in the case as to the owner of the judgment and judgment lien and that the district court "could not make a determination as to the owner of the judgment and the judgment lien without affecting Vind's ownership rights."[68] Midwest Renewable was advantaged by having this court accept its factual position that the judgment had been assigned to Vind, because we vacated a judgment that had been entered against Midwest Renewable and remanded the cause for further proceedings, which gave Midwest Renewable another

---

[64] *Cleaver-Brooks, Inc. v. Twin City Fire Ins. Co.*, 291 Neb. 278, 865 N.W.2d 105 (2015).

[65] *Id.*

[66] *Jardine v. McVey*, 276 Neb. 1023, 759 N.W.2d 690 (2009).

[67] *Id.*, citing *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595 (6th Cir. 1982).

[68] *Midwest Renewable Energy, supra* note 1, 296 Neb. at 92, 894 N.W.2d at 237.

- 20 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
305 NEBRASKA REPORTS
WESTERN ETHANOL CO. v. MIDWEST RENEWABLE ENERGY
Cite as 305 Neb. 1

opportunity to quiet Western Ethanol's claim. As such, the requirement of judicial acceptance of a prior inconsistent position for purposes of the doctrine of judicial estoppel is met here.

We find no evidence that Midwest Renewable acted in bad faith. Midwest Renewable made efforts to obtain a copy of the assignment and stated at oral argument before this court that it did not know for sure who owned the judgment. However, as demonstrated above, Midwest Renewable's position in the quiet title appeal went further than that by affirmatively declaring that Vind owned the judgment.

Midwest Renewable's self-contradictory approach is harmful to the judicial process. In its two appeals, Midwest Renewable has requested relief from this court while taking opposite sides of the same factual issue. To permit Midwest Renewable to argue the lack of evidence of a written assignment in this case would be to allow Midwest Renewable to withdraw its factual representations in the previous case, despite the fact that we granted Midwest Renewable relief based on its prior representations. For purposes of analyzing intent, we note that Midwest Renewable's previous position is more plausible than its new position, because the previous position was consistent with Western Ethanol's position and was supported by Vind's affidavit, and there is no information in the record to corroborate the new position. These considerations, especially when considered in light of the stark contrast between Midwest Renewable's factual positions in the two cases involving the same judgment, lead us to conclude that there has been sufficient demonstration of an intent to mislead in order to delay execution on the judgment. Judicial estoppel is appropriate in this instance.

Midwest Renewable's judicial admissions establish that Vind owns the judgment and judgment lien and is the real party in interest. Midwest Renewable is estopped from asserting a contrary position. This assignment of error is without merit.

- 21 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
WESTERN ETHANOL CO. v. MIDWEST RENEWABLE ENERGY
Cite as 305 Neb. 1

### (c) Vind Proper Party

Midwest Renewable's final assignment of error is that Vind should not have been permitted to enforce the judgment in his own name, because he did not file a formal pleading or motion to enter the case. Midwest Renewable argues that the court never approved either a formal complaint for intervention or a motion for substitution of parties.

We clarify that this argument comes to us in a different context than the indispensable party issue we confronted in the quiet title appeal. In that appeal, the district court found that Vind held the sole interest in the judgment, yet Vind had never appeared in the case. All persons whose rights will be directly affected by a decree in equity must be joined as parties in order that complete justice may be done and that there may be a final determination of the rights of all parties interested in the subject matter of the controversy.[69] We held that the court erred in not making Vind a party to the action sua sponte, vacated the court's judgment, and remanded the cause with direction to make Vind a party.

[22] Here, Midwest Renewable raises a procedural objection as to how Vind became a party in the case rather than a jurisdictional objection about Vind's lack of presence in the case. We review this assignment of error for abuse of discretion.[70] As noted, Vind filed the praecipe for writ of execution in his own name as assignee and personally appeared without objection at the hearing on the motion to quash. The record shows that the court accepted Vind's appearance in the case. The court's decision is supported by legal authority. An action to enforce a judgment may be prosecuted in the name of the assignee.[71] As discussed above, § 25-302 states: "The assignee of a thing

---

[69] *Id*. See Neb. Rev. Stat. § 25-323 (Reissue 2016).

[70] See, *Eicher v. Mid America Fin. Invest. Corp.*, 270 Neb. 370, 702 N.W.2d 792 (2005); John P. Lenich, Nebraska Civil Procedure § 7:6 (2019).

[71] *Exchange Elevator Company v. Marshall*, 147 Neb. 48, 22 N.W.2d 403 (1946).

- 22 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
WESTERN ETHANOL CO. v. MIDWEST RENEWABLE ENERGY
Cite as 305 Neb. 1

in action may maintain an action thereon in the assignee's own name and behalf, without the name of the assignor." Neb. Rev. Stat. § 25-322 (Reissue 2016) provides that in the case of a "transfer of interest, the action may be continued in the name of the original party or the court may allow the person to whom the transfer is made to be substituted in the action." Neb. Rev. Stat. § 25-705(5) (Reissue 2016) provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action . . . ." Having determined that Vind is the real party in interest and has the right to execute the judgment, and in consideration of the court's authority to add a party to a proceeding at any time, we find no abuse of discretion by the court in accepting Vind's appearance in this case. Midwest Renewable never moved for a substitution of parties and did not raise an objection to Vind's appearance until it filed its motion to alter or amend. Failure to make a timely objection waives the right to assert prejudicial error on appeal.[72] This assignment of error is without merit. The court did not err in overruling the motion to quash.

## V. CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED.

---

[72] *State v. Swindle*, 300 Neb. 734, 915 N.W.2d 795 (2018).